WILLETT LARABEE ET AL. V. JOHN GIVEN ET AL.

FILED JULY 22, 1902.   No. 12,143.

Commissioner's opinion, Department No. 3.

Injunction: PROMISSORY NOTE: DEFENSES: COUNTER-CLAIM: RECOUPMENT: TRIAL BY JURY. In an action to restrain the sale of a negotiable promissory note, so as to cut off defenses thereto by way of counter-claim or recoupment, the amount of recoupment or counter-claim may, at the option of the plaintiff, be ascertained; but in such case the defendant will, if he demands it, be entitled to a trial of the issue of damages by jury.

ERROR from the district court for Brown county. Tried below before WESTOVER, J. *Affirmed.*

*Moses P. Kinkaid* and *J. J. King,* for plaintiffs in error.

*L. K. Alder, contra.*

AMES, C.

The plaintiff in error Willett Larabee, through his agent, the plaintiff in error Lafayette Larabee, sold and conveyed to the defendants in error 480 acres of land, 320 acres thereof lying in one body, and the remaining 160 acres in another body, the two being separated by a considerable distance. In consideration therefor, the defendants in error paid their grantor $1,100 in money, and executed to him their negotiable promissory note for the same sum, secured by a mortgage on the land. The vendees were not at the time of the purchase familiar with the situation of the two tracts of land, and discovered, after the transaction was completed, that their vendor, through his agent, who assumed to point out the two tracts to them during the negotiation, had, either by mistake or fraud, shown them as being the 160-acre tract, a quarter section of much better quality, and largely more valuable than that which had been in fact conveyed. There was a similar misrepresentation as to some wire fence which was supposed to belong to the premises conveyed, but which did not so belong. The vendees were at that time ignorant of the exact situation of the premises and relied, in making the purchase, upon the representations thus made, and were known to have done so by the plaintiff in error. Immediately upon discovering the fact as to the situation of the 160 acres the vendees made complaint thereof to their vendor, and offered to rescind the sale, which the latter refused to do; saying, also, that if the former ever got any recompense for the mistake, they would have to sue for it. The defendants in error then begun this action by a petition setting forth the above-recited facts, in substance, and seeking to recover damages for the false representation, and to restrain the negotiation of the note until such damages should be ascertained and accredited thereon, or, if such

damages should be adjudged to equal the amount of the note, that the latter should be delivered up and canceled. A temporary injunction to this effect was obtained at the beginning of the action. The answer admitted the facts alleged in the petition, except the misrepresentations, which were denied. The action was by common consent, but without a formal waiver of a jury, tried before the court alone. Any error in this respect was expressly waived in oral argument in this court. The court found generally in favor of the plaintiffs and assessed their damages, by reason of the premises, at $230.12, and rendered judgment therefor, and made the injunction perpetual until that amount, together with seven per cent. interest thereon from the date of the judgment, should be indorsed as a credit upon the note. The evidence upon the disputed questions of fact, is sufficient to sustain the finding of the court.

The principal contention on behalf of the plaintiffs in error is that the petition improperly joins causes of action for legal and equitable relief. We can not uphold this contention. It was definitely settled by this court in *Erickson v. First Nat. Bank of Oakland*, 44 Nebr., 622, and the cases there cited, that an injunction will be granted to restrain the sale of a negotiable note, so as to cut off defenses of counter-claim and recoupment thereto. It is perhaps true that under the former practice, and in jurisdictions in which legal and equitable remedies are administered by separate tribunals, the extent of relief obtainable in equity would be to restrain the sale of the note until the damages could be ascertained at law; but we are of opinion that under our practice both issues may, if the complainant desires, be tried in a single action; the right to a trial of the issue of damages by a jury being preserved to the defendant, if he demands it.

It is therefore recommended that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.