## SPECKMAN v. SMEDLEY BROS.

(District Court, E. D. Pennsylvania. May 27, 1907.)

No. 1, September Session, 1905.

1. ASSIGNMENTS—EQUITABLE ASSIGNMENTS—EVIDENCE.

Defendants testified that P., before becoming a bankrupt, arranged to pay defendants their full claim of $5,400 when the United States paid P. the final balance due to him on a claim then pending; but no definite amount was agreed on to be paid to defendants, nor was the "arrangement" recognized by the government—the disbursing officer only promising to notify defendants when settlement was to be made, so that they might be present. At the settlement a check for $5,000 was made payable to the bankrupt, which was turned over to defendants; the bankrupt refusing to pay more. *Held*, that such facts were insufficient to constitute an enforceable equitable assignment.

2. JUDGMENT—NON OBSTANTE VEREDICTO.

Where, in a suit by a bankrupt's trustee to recover an alleged preferential payment, defendants filed no plea in abatement raising the point that a partnership existed between the bankrupt and another who was interested in the fund, and such point was not made by affidavit of defense or notice of special matter accompanying the general issue pleas, it could not be raised for the first time on motion for judgment non obstante.

In Bankruptcy. Motion for new trial, and motion by defendant for judgment notwithstanding the verdict.

Edmund W. Kirby, for plaintiff.
Henry K. Fries, for defendants.

J. B. McPHERSON, District Judge. This suit is brought by the trustee in bankruptcy of George W. Pierson to recover from the defendants an alleged preferential payment of $5,000, which was admittedly made in September, 1903, less than one month before the petition was filed. The verdict was for the plaintiff, and establishes the facts that the bankrupt was insolvent when the payment was made, and that the defendants had reasonable cause to believe that a preference was thereby intended. A question of law is now to be decided under the reserved point, namely, whether the payment in September was made to carry out an equitable parol assignment of $5,000, which is said to have been made early in 1903 out of a fund which the bankrupt then claimed to be due him from the United States. This fund was paid to the bankrupt in the following September, and out of it the defendants received the $5,000 that is now in dispute. Upon this question I have only to say that I have considered all the testimony that bears upon it, and am clearly of opinion that it is much too vague and uncertain to be submitted to a jury. If they had been allowed to take it into account, and had found in favor of the defendants on this issue, I should think it my duty to set the verdict aside. There was some loose testimony about an "arrangement" by which the defendants were to be paid their full claim of $5,400 when the United States paid the final balance due to the bankrupt; but it is clear that no definite amount was agreed upon, that the "arrangement" was not recognized by the United States, and that the bankrupt never lost his control over the fund. Evidently the bankrupt merely prom-

ised to pay the defendants when he received this balance, and the disbursing officer of the government merely promised to notify the defendants when the settlement was to be made, so that they might be present at that. time. A check for $5,000 was made payable to the bankrupt, who refused to pay more; and. it is, I think, quite clear that the "arrangement" was nothing. more than the usual promise of a debtor to pay when he shall be in funds, followed by the creditor's effort to hold him up to his promise, and by the debtor's effort to get off with as small a payment as possible. Such an "arrangement" falls short of being an enforceable equitable assignment. When the defendants really set out to obtain a valid assignment, the testimony in reference to another claim against the bankrupt shows that they knew what they needed.

The defendants seek to raise another question of law upon the motion for judgment, based upon the meager testimony concerning a partnership of one kind or another, which is said to have existed between the bankrupt and a man named Stewart. It is argued that the preferential payment was made out of a fund that belonged to Stewart and the bankrupt as a firm, and therefore that the plaintiff—who is the trustee of Pierson alone, no petition having been filed against the firm—has no right to recover in this action. In my opinion, however, this defense is made too late. It concerns the character in which the plaintiff sued, and in correct practice should have been made earlier in the cause, probably by plea in abatement. But no such plea was filed, and even under the liberal practice in Pennsylvania it is impossible to overlook the fact that this defense was not referred to in the affidavit of defense, or in the notice of special matter which accompanied the general issue pleas. In consequence, the plaintiff had no notice of this point until the trial, and even then, as the record shows, the defendants' chief reliance was upon the making of an equitable parol assignment early in 1903. I do not think, therefore, that the defendants should be allowed to take their chance of a verdict on the principal issue, and practically to reserve the question of partnership, in order to use it in case of failure to maintain their principal contention successfully. It is to be considered, also, that the money recovered by the plaintiff will be under the control of the District Court, which may be relied upon to see that it goes to the creditors that are justly entitled to receive it. At all events, the defendants, having obtained the money in violation of the act of Congress, and having waived whatever technical objection to the suit they may have had, by failing to put such objection forward at the proper time, should not be allowed to retain the money.

The motions for a new trial and for judgment notwithstanding the verdict are refused. To the refusal. of judgment in favor of the defendants upon the reserved point an exception is sealed.