GAUTHIER *v.* PEITER.

1. TRIAL—TRANSFER TO EQUITY SIDE OF COURT—ASSIGNMENTS—DEPOSIT IN CLOSED BANK.

Action by assignee of $700 of $1,574.24 deposit in closed bank against assignor and conservator of bank who was willing to make 50 per cent. dividend *held,* improperly transferred to equity side of the court on its own motion, where conservator did not object to action on law side of court.

2. APPEAL AND ERROR—TRANSFER TO EQUITY SIDE OF COURT.

In action by assignee of part of deposit in closed bank against assignor and conservator, improper transfer to equity side of court *held,* not prejudicial to defendant assignor, where jury was dismissed upon his motion as having no issue of fact to determine, the assignment not being ambiguous and its construction and meaning being for the court.

3. ASSIGNMENTS—PORTION OF DEPOSIT IN CLOSED BANK.

Assignment of ''$700 of the moneys on deposit in my name'' in bank both parties knew was closed *held,* payable in its entirety to assignee from dividend of 50 per cent. of $1,574.24, relation of debtor and creditor not being created between bank and assignee.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 6, 1934. (Docket No. 69, Calendar No. 37,547.) Decided June 4, 1934.

Action by Clarence Gauthier against William L. Peiter and John K. Burch, conservator of Grand Rapids National Bank, for sums allegedly due upon an assignment of a portion of a bank deposit. Case transferred to equity side of the court. Decree for plaintiff. Defendant Peiter appeals. Affirmed.

*Travis, Merrick, Johnson & McCobb,* for plaintiff.

*Gillard & Gillard,* for defendant Peiter.

NORTH, J. Prior to March 30, 1933, plaintiff, Clarence Gauthier, had been in the employ of defendant William L. Peiter. A dispute arose between the parties as to the amount due from Peiter to Gauthier. By agreement they reached a settlement incident to which Gauthier executed and gave to Peiter a receipt ''in full settlement and satisfaction of any and all salary, bonus, and commissions

due or to become due the undersigned." The consideration received by Gauthier incident to this settlement is expressed in exhibit A and reads as follows:

"Grand Rapids, Michigan
"March 30, 1933.

"For a valuable consideration I hereby sell, assign, transfer and set over unto Clarence Gauthier, $700 of the moneys on deposit in my name in the Grand Rapids National Bank, and hereby authorize said Grand Rapids National Bank to pay over to said Clarence Gauthier said sum of $700 out of said moneys so on deposit in my name.

"(Signed)   W. L. PEITER."

Prior to the date of exhibit A the Grand Rapids National Bank had suspended business and a receiver had been appointed. Both Gauthier and Peiter were fully aware of this fact. On April 5th plaintiff presented a copy of exhibit A at a branch of the Grand Rapids National Bank, and such copy was received by the manager of the branch bank and by him attached to the ledger sheet of Peiter's account. At the time of receiving the copy the manager of the branch bank indorsed thereon: "Received and filed the above copy, no responsibility assumed." A conservator of the bank was appointed on June 30, 1933, and later was ready and willing to pay all depositors 50 per cent. of their respective deposits. When the bank closed Peiter's deposit amounted to $1,574.24. The bank was willing to pay plaintiff Gauthier 50 per cent. of $700, or $350; but it proposed to pay Peiter the 50 per cent. dividend on the balance of his account. Gauthier refused to accept such payment and began an action at law for the full $700 which he claimed was then due him under exhibit A above noted. He joined as defendants both the bank and Peiter.

Each of the two defendants appeared by separate counsel and joined issue on the merits. Defendant Peiter contended plaintiff was entitled to payment of only $350, and that he, Peiter, was entitled to the balance of the 50 per cent. dividend. The bank recited in its answer its willingness to pay the total amount of the 50 per cent. dividend as soon as it was determined what amount of the dividend payment each of the other two litigants was entitled to receive. The case was brought for trial before jury, but immediately upon being sworn to try the cause the jury retired and seemingly a discussion occurred between the court and the counsel touching the issues presented by the pleadings and to be determined in the suit. Thereupon counsel for defendant Peiter, after having made a motion that the case be dismissed, stated to the court:

"And the next is a motion to take it from this jury because by the plaintiff's own declaration he bases his case upon an unambiguous contract in writing which is attached to the declaration. Certainly a written agreement of this sort does not present a question of fact for the jury."

The court granted the above motion, saying:

"From the pleadings in the case it would seem that no proofs are necessary as far as the assignment and the agreement  *  *  *  are concerned. The court does not consider that they are ambiguous in any way and that if testimony were taken there would be no facts presented that should be considered by the jury. In other words, that there will be no issue of facts raised or presented."

Thereupon testimony in the nature of a disclosure was taken for the purpose of establishing the amount of Peiter's account at the time the bank closed. The court determined that the 50 per cent. dividend on

Peiter's account would be in excess of $700, and that under exhibit A above quoted the bank should pay plaintiff $700.

From the above determination the bank has not appealed; but defendant Peiter has appealed.

Appellant complains that the superior court judge of his own motion erroneously transferred the cause from the law to the equity side of the court. In this connection in his findings the superior court judge said:

"When the defendant Peiter executed to the plaintiff a definite sum to be paid out of his impounded balance, he thereby paid his debt to the plaintiff and deprived himself of all ownership or control over a definite portion of a particular fund. That portion was $700. Plaintiff's claim is enforceable only in equity. See *Schwartz* v. *Tuchman,* 232 Mich. 345."

We think the superior court judge was in error in his conclusion that the case must be transferred to the equity side of the court. In the *Schwartz Case* the party who as a debtor or stake holder stood in the position of the bank in the instant case, raised the question in its own behalf by a motion to dismiss the suit at law. It was held that the motion should have been granted, and for reasons noted in the opinion that the controversy between the parties litigant could properly be tried only in a court of equity. But in the case at bar the bank, the only party entitled to raise the question, has in no way challenged the propriety of maintaining the proceedings on the law side of the court, and further, the jury having been dismissed upon appellant's own motion, he has in no way been prejudiced by the holding of the trial court in this particular.

Nor can appellant, after having so contended in the trial court, complain of the holding there that

exhibit A is not ambiguous and that its construction and meaning were matters of law for determination by the court. Under the record thus presented we think the holding of the superior court judge must be sustained, and that the assignment was properly held to be one which entitled plaintiff to receive from moneys otherwise payable to Peiter $700; and that appellant's contention that exhibit A created the relation of debtor and creditor between the bank and appellee in the amount of $700 and that appellee's rights were limited to the receipt of the dividends paid on that amount by the bank is not tenable. Other questions presented by the briefs are without merit and do not affect final determination of this litigation.

The decree entered in the superior court is affirmed. Costs to appellee.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.