GOGEBIC AUTO CO., INC., *v.* GOGEBIC COUNTY BOARD OF ROAD COMMISSIONERS.

1. ASSIGNMENTS—EQUITABLE ASSIGNMENT.

   To effect an equitable assignment there must be an actual or constructive appropriation of the subject matter by the assignors so as to confer a complete and present right on the party meant to be provided for, even where the circumstances do not admit of its immediate exercise.

2. SAME—EQUITABLE ASSIGNMENT—COMBINATION TRUCK AND SNOWPLOW—EXCLUSIVE AGENT—EVIDENCE.

   In suit against board of county road commissioners, truck manufacturer, and snowplow maker by local exclusive agent of

truck manufacturer for commission on sale of truck and snow-plow combination delivered to defendant board of county road commissioners, evidence *held*, insufficient to support finding there was an equitable assignment of an interest in the fund to be paid by defendant board to the snowplow maker which had used in the combination a truck for which plaintiff had the exclusive agency locally.

3. EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW.
While equity will retain jurisdiction to settle controversies for which courts of law afford adequate relief when they are involved with and grow out of an equitable cause which gives the chancery court jurisdiction, the bare pleading, in connection with them, of equitable rights not proven does not confer jurisdiction to try such controversies, which otherwise are of exclusive law jurisdiction, as the legal remedy administered in an equity court must be connected with and grow out of an equitable right both alleged and proven.

4. INTERPLEADER—INDIFFERENT STAKEHOLDER.
In suit against truck manufacturer, snowplow maker, and board of county road commissioners for commission for sale of combination truck and snowplow on theory of equitable assignment, trial court's treatment of commissioners' answer denying assignment as a bill of interpleader was error since board was not an indifferent stakeholder.

Appeal from Gogebic; Landers (Thomas J.), J. Submitted January 12, 1940. (Docket No. 130, Calendar No. 40,837.) Decided March 15, 1940.

Bill by Gogebic Auto Company, Inc., a Michigan corporation, against Board of County Road Commissioners of Gogebic County, Klauer Manufacturing Company of Dubuque, Iowa, and others to restrain payment on purchase price of snowplow and truck and to determine the amount of commission due plaintiff. Decree for plaintiff. Defendant Klauer Manufacturing Company of Dubuque, Iowa, appeals. Reversed.

*E. W. Massie*, for plaintiff.

*Jones & Patek* (*Leonard J. McManman* and *Smith & O'Connor*, of counsel), for defendant Klauer Manufacturing Company.

BUSHNELL, C. J. An unusually severe blizzard late in January of 1938 made it necessary for defendant board of county road commissioners to obtain a snowplow immediately. They wanted an FWD four-wheel-drive truck and snowplow combination and called defendant Klauer Manufacturing Company of Dubuque, Iowa, who was engaged in manufacturing Snogo snowplows. Klauer Company learned that an FWD truck was not immediately available, called Oshkosh Motor Truck, Inc., at Oshkosh, Wisconsin, and placed an order for one of its four-wheel-drive trucks to be delivered in Dubuque. The road commission was advised that a complete unit would be ready to leave the Dubuque plant a few days later. Klauer Company was instructed to proceed with the order under these conditions and two men were sent to Dubuque by defendant road commission, where they accepted delivery of the snowplow truck. The price the road commission agreed to pay Klauer Company was $16,064.05.

Klauer Company's agent for the State of Michigan resided at Newberry. The exclusive agent of Oshkosh, Inc., in Gogebic and Ontonagon counties was plaintiff Gogebic Auto Company, Inc., of Ironwood. It was the claim of plaintiff that Klauer Company knew of this agency relationship; that the road commission expected the sale to be made through plaintiff; that the sale was in fact made by plaintiff; and that plaintiff was entitled to a 25 per cent. commission on the truck and a 10 per cent. commission on the Snogo. When Oshkosh, Inc., billed Klauer Company for the truck, a 25 per cent. reduction was made and Klauer Company billed the road commission for the full amount.

The road commission paid $5,000 to Klauer Company and, because of the filing of a bill of complaint by Gogebic Auto Company, Inc., held up its check for the balance, later tendered it into court, and asked to be discharged from all its obligations to any of the parties. Klauer Company denied any obligation to plaintiff whatever. Oshkosh, Inc., though made a party to the action, never appeared, and an order *pro confesso* was entered as to it.

Plaintiff's bill of complaint is predicated upon an equitable assignment, and it is claimed that Klauer Company and Oshkosh, Inc., assigned and transferred to plaintiff from the moneys to be due from the road commission the sum of $1,634, the 25 per cent. commission on the sale of the truck. Defendant road commission denied that it ever had notice of or accepted the alleged assignment and denied that it agreed to pay plaintiff any sum of money in connection with the transaction. Defendant Klauer Company denied any agreement or assignment of funds and claimed that the transaction was between defendant road commission and itself and that plaintiff had no part therein.

Defendant Klauer Company's repeated motions to dismiss for lack of equitable jurisdiction were denied.

The trial court held that there was a valid contract between plaintiff and Oshkosh, Inc., for a commission on the sale of the truck, and that Klauer Company had sufficient notice to put it on guard. It also appeared from the testimony that Klauer Company would not sell the Snogo except through its authorized agent, and the trial court found that there was no written or oral contract between plaintiff and defendant Klauer Company for a commission on this part of the equipment. A decree was entered holding Oshkosh, Inc., and Klauer Company jointly and severally indebted to plaintiff in the sum

of $1,632.50, that being the amount which the court found plaintiff should have received as its share of the proceeds on the sale of the truck. It was further decreed that plaintiff was not entitled to any moneys on account of the sale of the Snogo.

Defendant Klauer Company appeals from this decree, claiming the court had no jurisdiction over the subject matter, that the answer of the defendant road commission was incorrectly treated as a bill of interpleader, and that the court's finding that plaintiff was entitled to a commission as against Klauer Company is contrary to the weight of the evidence. It is also claimed that errors were committed in the admission of certain testimony. Plaintiff did not file a cross appeal.

The decisive question is whether or not plaintiff had an equitable assignment of any interest in the proceeds of the transaction.

In determining what constitutes an equitable assignment, the court said, in *Grand Rapids Trust Co.* v. *Reliable Coal & Mining Co.*, 238 Mich. 248:

"We quote from the syllabus of *Christmas* v. *Russell*, 14 Wall. (81 U. S.) 69:

" 'To make an equitable assignment there should be such an actual or constructive appropriation of the subject matter as to confer a complete and present right on the party meant to be provided for, even where the circumstances do not admit of its immediate exercise. If the holder of the fund retain control over it, as *e. g.*, power on his own account, to collect it or to revoke the disposition promised, this is fatal to the thing as an equitable assignment.'

"And from syllabus from *Wright* v. *Ellison*, 1 Wall. (68 U. S.) 16:

" 'To constitute an equitable lien on a fund there must be some distinct appropriation of the fund by the debtor. It is not enough that the fund may have been created through the efforts and outlays of the party claiming the lien.'

"And from syllabus *In re Stiger*, 202 Fed. 791:

" 'To constitute an equitable assignment of an account receivable as security arising out of an unexecuted agreement to assign, there

must have been a purpose presently to transfer all of the assignor's right, which would create an absolute indebtedness from the account debtor to the assignee, and not merely the creation of an obligation on the part of the assignor to make payment from the proceeds of the account.'

"See *Speckman* v. *Smedley Bros.,* 153 Fed. 771; *Godwin* v. *Murchison National Bank,* 145 N. C. 320 (59 S. E. 154, 17 L. R. A. [N. S.] 935, and note)."

The record before us, tested by these authorities, does not support a finding that there was an equitable assignment.

Plaintiff also contends that there was a partial assignment which it claims, under the authority of *Schwartz* v. *Tuchman,* 232 Mich. 345, is enforceable only in equity. There is language in the *Schwartz Case* to support the proposition that a partial assignment should be sustained in a court of chancery where this can be done without detriment to the debtor or stakeholder. But it is also pointed out that the equitable remedy does not exist unless there is no adequate remedy at law. See *Gauthier* v. *Peiter,* 267 Mich. 667 (93 A. L. R. 1522), where the *Schwartz Case* is discussed.

In *Schook* v. *Zimmerman,* 188 Mich. 617, 630, plaintiff filed a bill in equity to obtain specific performance of an oral contract. The trial court found that there was no contract as claimed by plaintiff, but there was an agreement to pay him reasonable compensation for his services, and entered a decree accordingly. This court set aside the decree, saying:

"While equity will retain jurisdiction to settle controversies for which courts of law afford adequate relief when they are involved with and grow out of an equitable cause which gives the chancery court jurisdiction, the bare pleading, in connection with them, of equitable rights not proven does not confer jurisdiction to try such controversies, which otherwise are of exclusive law jurisdiction. The legal remedy administered in an equity court must

be connected with and grow out of an equitable right both alleged and proven."

In the instant case, there being no proof of an equitable assignment, the equity court was without jurisdiction and should have dismissed plaintiff's bill of complaint.

While not necessary to decision, attention is called to another error. The trial judge treated the answer of defendant road commission as a bill of interpleader. In *Maxim* v. *Shotwell*, 209 Mich. 79, plaintiff had in his possession certain sheep claimed by two other parties. He filed a bill of interpleader, naming them both as defendants. This court dismissed the action, saying:

"That the party must be an indifferent stakeholder, have no interest in the fund, no matter of his own to litigate with the defendants, in order to maintain a bill of interpleader, is settled by the unbroken trend of authority."

In the instant case, defendant road commission was not an "indifferent stakeholder" because it denied the assignment and the correctness of the amount which plaintiff alleged it had agreed to pay for the equipment. The court, therefore, erred in treating the answer of the road commission as a bill of interpleader.

The decree of the trial court must be set aside and a decree entered dismissing plaintiff's bill of complaint. It is so ordered, with costs to appellant.

SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.