GOGEBIC AUTO CO., INC., v. GOGEBIC COUNTY BOARD OF ROAD COMMISSIONERS.

1. Courts—Appeal Without Leave of Court—Application for Writ of Mandamus.

In suit by local automobile dealer to restrain payment by board of county road commissioners for truck and snowplow combination and to determine plaintiff's commission, in which board was released by snowplow maker upon deposit of entire sum into court, a portion of which was retained by the clerk in lieu of an appeal bond and balance paid to snowplow maker, appeal from trial court's order to return balance of deposit to board, made after remand of case from Supreme Court wherein it was determined that the trial court did not have jurisdiction, is treated as an application for writ of mandamus to vacate such order of return where appellant had not first obtained leave to appeal from the order.

2. Appeal and Error—Deposit in Lieu of Appeal Bond.

After recovery of judgment by local automobile dealer for commission incident to sale of truck and snowplow combination to board of county road commissioners, incident to appeal from which the snowplow maker and plaintiff agreed to deposit of a portion of the purchase price in court in lieu of an appeal bond, where decision on appeal was in favor of the snowplow maker it was entitled to deposit in court as a matter of course, and board, under stipulation and release incident to deposit in court, had no interest therein.

Appeal from Gogebic; Landers (Thomas J.), J. Submitted October 24, 1940. (Docket No. 67, Calendar No. 41,311.) Decided January 6, 1941. Rehearing denied April 11, 1941.

Bill by Gogebic Auto Company, Inc., a Michigan corporation, against Gogebic County Board of Road Commissioners, Klauer Manufacturing Company of Dubuque, Iowa, and others to restrain payment on

purchase price of snowplow and truck and to determine the amount of commission due plaintiff. On motion of defendant Klauer Manufacturing Company to release bond money deposited with clerk of court. Order directing clerk and treasurer to pay money to defendant road commission. Defendant Klauer Manufacturing Company appeals. Reversed and writ issued to direct entry of order requiring clerk and treasurer to pay money to defendant Klauer Manufacturing Company.

*Ivan D. Wright,* for defendant board.

*S. W. Patek* and *L. J. McManman,* for defendant Klauer Manufacturing Company.

CHANDLER, J. This case arises out of previous litigation reported in *Gogebic Auto Co., Inc.,* v. *Gogebic County Board of Road Commissioners,* 292 Mich. 536.

On July 3, 1939, the trial court entered the following order:

"In the above-entitled cause, after entry of decree and the filing of claim of appeal by defendant Klauer Manufacturing Company of Dubuque, Iowa, the motion of said defendant Klauer Manufacturing Company of Dubuque, Iowa, for leave to file an appeal bond, and for an order releasing to said defendant Klauer Manufacturing Company of Dubuque, Iowa, and directing the clerk of this court to pay to said defendant Klauer Manufacturing Company's attorney the check and amount of $11,064.05, being the amount paid into court by defendant Board of County Road Commissioners of the County of Gogebic, Michigan, having come on regularly to be heard; * * * and counsel for plaintiff in open court did move the court that an order be entered directing the clerk of said court to retain so much of said

$11,064.05 as might be required to satisfy the amount decreed to plaintiff, to-wit: $1,632.50, together with interest and costs in the lower court, as well as costs it may be entitled to receive on appeal; and the court, after due consideration, does determine that $2,000 of the said sum of $11,064.05, paid into court and now in the possession of the clerk, is a sufficient sum to satisfy the amount decreed to plaintiff and to cover costs in the lower court, and any costs that might be awarded plaintiff upon appeal, in the event of affirmance of said decree in the Supreme Court;

"Wherefore, it is ordered, that the said clerk of said court do retain $2,000 of said sum of $11,064.05 to abide the final determination of said cause in the Supreme Court; said sum so retained by the clerk to be considered and have the same force and effect as an appeal bond."

On July 7, 1939, the parties, by their respective attorneys, entered into a stipulation, reading in part,

"1. That there was deposited with the clerk of this court a check in the amount of $11,064.05, payable to the defendant Klauer Manufacturing Company, and which check was issued by the defendant Board of County Road Commissioners of the County of Gogebic, Michigan; that said check may be returned by the clerk of this court to said defendant Board of County Road Commissioners, and in lieu thereof a check in like amount be delivered by said Board of County Road Commissioners to the clerk of this court, and be made payable to the clerk of this court; that the clerk of this court may indorse and obtain the money upon said check and pay and deliver over to S. W. Patek, attorney for defendant Klauer Manufacturing Company, the sum of $9,064.05; that said clerk retain $2,000 of said moneys in lieu of a stay and appeal bond.

"2. That said sum of $2,000 be retained by the clerk of this court until the final determination of this suit and be disposed of by him only in accordance with the orders of this court and of the Supreme Court; that no appeal or stay bond need be filed by the defendant Klauer Manufacturing Company of Dubuque, Iowa, upon its appeal to the Supreme Court from the decree entered herein on the 3d day of July, 1939, reference to said decree being had and made a part hereof; that all proceedings be stayed the same as though an appeal or stay bond in the usual form had been filed in this cause.

"3. That the retention by the clerk of this court of said sum of $2,000 and the payment by him to said S. W. Patek, attorney for defendant Klauer Manufacturing Company, of said sum of $9,064.05 is hereby acknowledged, and this stipulation to constitute a receipt therefor, to the defendant Board of County Road Commissioners of the County of Gogebic, Michigan."

On the same day, appellant, by its attorney, executed and delivered to the road commission a receipt and release, which read,

"For and in consideration of the sum of $11,064.05 paid by the Board of County Road Commissioners of Gogebic County, Michigan, a municipal corporation, to the clerk of the circuit court, Gogebic county, Michigan, under and by virtue of a certain stipulation dated July 7, 1939 * * * which said sum of $11,064.05 is to be disposed of by the clerk of said circuit court as follows, namely:

"$9,064.05, to be paid to S. W. Patek, attorney for said Klauer Manufacturing Company;

"$2,000 to be retained by the clerk of said circuit court pending the final outcome of the above-mentioned cause; the said Klauer Manufacturing Company does hereby release and forever discharge said Board of County Road Commissioners of

Gogebic County, Michigan, its successors and assigns of and from any and all claims, debts, demands, actions or causes of action of any kind or nature whatsoever which it, its successors and assigns now has or may have hereafter against said Board of County Road Commissioners because of, arising out of or in any way connected with the purchase by said Board of County Road Commissioners from said Klauer Manufacturing Company of one Oshkosh Motor Truck and Snogo on or about the 31st day of January A. D. 1938; and said Klauer Manufacturing Company hereby admits that it has been paid in full by said Board of County Road Commissioners for said Oshkosh Motor Truck and Snogo.

"Dated at the City of Ironwood, Gogebic County, Michigan, this 7th day of July A. D. 1939."

Subsequent to dismissal of the case by this court upon appeal, appellant filed a motion for an order directing the county clerk and treasurer to return to it the $2,000 theretofore deposited in lieu of an appeal bond. The road commission then moved to dismiss the motion on the ground that no cause was then pending before the court in which the motion was filed, and that because this court held on appeal of the previous litigation that the trial court was without jurisdiction, all proceedings had therein were a nullity. This motion was accompanied by an answer and cross motion, praying that the $2,000 be returned to the road commission. The proceedings resulted in the entry of an order by the trial court denying the motion of the Klauer Company, and ordering the return of the sum in question to the road commission.

From this order, the Klauer Company has taken an appeal. A motion to dismiss the appeal has been filed in this court on the ground that application for leave to appeal was not first obtained. The mo-

tion to dismiss will be denied and we will treat the appeal as an application for a writ of mandamus to require the trial court to vacate the aforementioned order and to enter an order directing the clerk and treasurer to return the $2,000 to appellant.

Plaintiff, Gogebic Auto Company, Inc., failed to establish that it had any interest in the specific fund paid into court by the road commission on the theory of equitable assignment. *Gogebic Auto Co., Inc.*, v. *County Board of Road Commissioners, supra.* The road commission claimed no interest therein and its answer in the first case denied plaintiff's claim of equitable assignment. The fund retained by the clerk in accordance with the order and stipulation hereinbefore quoted was retained for the protection of plaintiff pending the outcome of the appeal taken by the Klauer Company. This sum represented exactly what it clearly appears all parties understood it to be—a deposit by appellant in lieu of an appeal bond. When the appeal was resolved in favor of the Klauer Company, and plaintiff's bill of complaint was dismissed, the former was entitled to a return thereof as a matter of course. It is unimportant that it was physically paid into court by the road commission. The commission no longer had an interest therein.

The objections raised by the road commission in its brief filed herein to a return of the money to appellant are inapplicable and no need arises for their discussion.

A writ may issue ordering the trial court to vacate the order appealed from and to enter an order directing the county clerk and treasurer to pay to appellant said sum of $2,000. Appellant shall recover costs against the defendant road commission.

Sharpe, C. J., and Bushnell, Boyles, North, McAllister, Wiest, and Butzel, JJ., concurred.