CLARENCE GILLESPIE, APPELLEE, v. MICHAEL HYNES, APPELLANT, IMPLEADED WITH HENRIETTA HYNES ET AL., APPELLEES.

95 N. W. 2d 457

Filed March 6, 1959. No. 34503.

*McCarthy & Kneifl,* for appellant.

*Leamer & Graham,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The plaintiff brought this action to foreclose a mechanic's lien on Lot 19 and the east 8 feet of Lot 18, Block 32, Joy Place, an addition to South Sioux City, Nebraska, in the amount of $745. The trial court found that no lien existed and entered a personal judgment against the defendants Michael Hynes and Henrietta Hynes for $848.05 with interest and costs. The defendant Michael Hynes appealed.

The evidence shows that plaintiff was engaged in the plumbing and heating business. Hynes was moving a house onto the real estate involved here. Hynes inquired of plaintiff about the cost of heating and plumbing. The price of $1,250 was agreed upon. Plaintiff commenced the work during the first week in May 1953.

On November 15, 1953, Michael and Henrietta Hynes entered into a contract to sell the property to Raymond A. and Monica R. Bradish. Because of the work remaining to be done on the property the contract provided: "All work and material shall be completed and furnished in the dwelling house on said premises by first party. Party of second part to furnish water pipes, water heater and furnace complete, and install the same at their own expense." During the negotia-

tions for the sale of the property Hynes discussed the matter with the plaintiff and this resulted in an agreement that plaintiff would complete the work, except that which Bradish agreed to do by the terms of his contract of purchase, for the sum of $700. The evidence is clear that all of the heating and plumbing work within the agreement between Hynes and the plaintiff was completed in December 1953. No other work was performed by the plaintiff under the plumbing and heating contract with Hynes that would extend the time for filing a mechanic's lien beyond April 1954. Plaintiff filed a mechanic's lien on August 25, 1954. The claim of lien was not filed within 4 months as required by section 52-103, R. R. S. 1943, and consequently the trial court properly held that plaintiff had no enforceable lien against the property.

The defendant Hynes contends that the trial court, after holding that plaintiff had no enforceable lien, was without authority to enter a personal judgment against him. Hynes relies upon the principle announced in Reynolds v. Warner, 128 Neb. 304, 258 N. W. 462, 97 A. L. R. 1128, which states: "When the trial court determined that the interveners were not entitled to equitable relief, the court was without power to determine the legal action without the intervention of a jury. It is a general rule that, where a court in the exercise of its equity powers acquires jurisdiction for any purpose, its jurisdiction will continue for all purposes, and it will try all issues. (Citing cases.) But where there is no equitable relief granted, a court of equity will generally decline jurisdiction to enter a money judgment on a legal cause of action. This is especially true where such a course would operate to deprive a party of his constitutional right to a trial by jury. The constitutional right to a trial by jury cannot be defeated by an allegation of an equitable cause of action which does not exist. (Citing authorities.) The interveners were not entitled to equitable

relief in this case, and the parties did not waive their right to a jury trial upon the question of the amount, if any, due interveners. In truth, they demanded a jury trial, and the court properly refused to try these issues without a jury, but dismissed the interveners' petition without prejudice to an action at law."

In Massman Construction Co. v. Nebraska Workmen's Compensation Court, 141 Neb. 270, 3 N. W. 2d 639, this court said: "The plaintiff having instituted and prosecuted this case in the district court as an equitable action, and, after a complete hearing as such was had thereon, now seeks strictly a common-law relief therein, which a court of equity in the exercise of its equitable powers may not grant, and which, if originally presented as a case for original relief, such court, as a court of equity, would have no jurisdiction to entertain. It would seem within the reasons of the rule announced by the supreme appellate court of New York, as follows: 'The opinion in this court, in Mann v. Fairchild, (2 Keyes, 106, 111 et seq.), is that if a party brings an equitable action, even now, when the same court administers both systems of law and equity, the party must maintain his equitable action upon equitable grounds, or fail, even though he may prove a good cause of action at law on the trial.' "

The foregoing cases appear to state the general rule in equitable actions. A recognized text authority states the general rule to be: "The rule considered in the preceding sections that, where the equitable jurisdiction of a court is once brought into action in a proper case, the court will retain jurisdiction of the parties and the subject matter in order to do complete justice to all concerned, even in some instances to the extent of enforcing purely legal rights, applies as a general rule only when the court retains the original case in order to grant some substantial equitable relief. Where the bill on its face discloses no equitable ground of jurisdiction, no relief whatever can be granted where the courts

or the procedure in law and equity are distinct, and, even where the bill states a case entitling complainant to equitable relief, if the proof fails to establish the averments of the bill in that respect the court is without jurisdiction to proceed further and determine rights that are properly cognizable in a court of law. In other words, equitable rights must be both averred and proved before purely legal rights will be determined by a court of equity." 30 C. J. S., Equity, § 73, p. 427.

The general rule is stated in 19 Am. Jur., Equity, § 132, p. 132, as follows: "The rule which permits the court of chancery to retain jurisdiction of litigation and finally dispose thereof is limited in its application to cases in which equitable relief has been administered pursuant to the prayer of the bill or in which the jurisdiction of the court has been rightfully invoked. If the facts which are relied on to sustain equity jurisdiction fail of establishment, the court may not retain the case for the purpose of administering incidental relief. It is said that an equitable right must be both averred and proved as a prerequisite to the determination of adjudication of a purely legal right. The prevailing view is that where jurisdiction has not been established, the court may not award damages or enter any decree except for costs. If the rule otherwise, it has been argued, a litigant, by a pretended claim to equitable relief, might deprive his opponent of advantages incident to an action at law— for example the constitutional right of trial by jury."

Cases from other jurisdictions supporting this principle are legion. Some of them are Gogebic Auto Co., Inc. v. Gogebic County Board of Road Commissioners, 292 Mich. 536, 290 N. W. 898; Gregory v. Merchants State Bank, 23 Tenn. App. 567, 135 S. W. 2d 465; Wasatch Oil Refining Co. v. Wade, 92 Utah 50, 63 P. 2d 1070; Carlsbad Mfg. Co. v. Kelley, 84 W. Va. 190, 100 S. E. 65; Chicago, R. I. & P. Ry. Co. v. State Highway Commission, 322 Mo. 419, 17 S. W. 2d 535; Oregon Growers' Coop. Assn. v. Riddle, 116 Or. 562, 241 P. 1011; Illinois

Minerals Co. v. Miller, 327 Ill. App. 596, 65 N. E. 2d 44.

There appears to be a greater divergence of legal authority on the question of the right of the court to grant a personal judgment in a mechanic's lien foreclosure where no equitable right is established. We point out that the mechanic's lien statute provides benefits to the holders of mechanic's liens. One having no lien can claim no rights under it. Consequently one who claims a mechanic's lien and fails to establish it is in no better position than if the mechanic's lien statute did not exist.

We adhere to the rule announced in Reynolds v. Warner, *supra,* and the authorities cited in support of it. A holding to the contrary would operate to deprive a party of his constitutional right to a trial by jury.

The plaintiff contends that a personal judgment in favor of a mechanic's lien claimant may be rendered although he fails to establish his alleged lien. The following cases are cited in support of the foregoing rule: Patterson v. Spelts Lumber Co., 166 Neb. 692, 90 N. W. 2d 283; McHale v. Maloney, 67 Neb. 532, 93 N. W. 677; Maloney v. Johnson-McLean Co., 72 Neb. 340, 100 N. W. 423; and Gibson v. Koutsky-Brennan-Vana Co., 143 Neb. 326, 9 N. W. 2d 298.

The four cases cited are authority for the proposition that on the foreclosure of a mechanic's lien plaintiff may take a personal judgment against the party personally liable for the debt. In each of those cases equitable relief was granted. They are not inconsistent with the rule that where a court in the exercise of its equity powers acquires jurisdiction for any purpose its jurisdiction will continue for all purposes, and it will try all issues.

There are cases in this jurisdiction which are contrary to the holding in Reynolds v. Warner, *supra.* Among them are Parsons Construction Co. v. Gifford, 129 Neb. 617, 262 N. W. 508; Robinson v. Dawson County Irr. Co., 142 Neb. 811, 8 N. W. 2d 179; Gibson

v. Koutsky-Brennan-Vana Co., *supra;* Patterson v. Spelts Lumber Co., *supra.* We disapprove the holdings of these cases, and others of similar import, which conflict with the general rule that equity jurisdiction will not be retained to grant legal relief where no right to equitable relief is established.

We call attention to the fact that the district court is a court of general jurisdiction having both legal and equitable powers. While a failure to establish a right to equitable relief may terminate the right of the district court to determine all issues on the theory that the court in the exercise of its equity powers will continue for all purposes, it does not divest the court of its jurisdiction of the subject matter. Consequently, we hold under the facts of the present case that the trial court, having found that plaintiff was not entitled to any equitable relief, was not authorized to enter a personal judgment against the defendant Hynes as a right incidental to the exercise of its equitable jurisdiction. We think it was the duty of the trial court under such circumstances, in the absence of a waiver of a jury trial, to hold that phase of the case for trial as any other law action.

It is contended that the defendant Hynes waived a jury trial in the present case. There certainly was no express waiver of a jury trial. The case was tried as an equity proceeding and submitted to the court on that basis. At the close of the evidence, counsel for Hynes made the following objection: "The defendant Hynes objects to the entry of any judgment against him and asks the Court for time in which to prepare the entry of judgment." No ruling is shown to this objection. There was no opportunity afforded the defendant, after equitable relief was denied, to demand a jury trial except in a motion for a new trial, which was done. In fact, the trial court overruled Hynes' motion to dismiss at the close of plaintiff's evidence, an indication that the court would hold that the right to

equitable relief had been established, which would eliminate any question of a trial by jury. We do not deem the present record sufficient to sustain a holding that a jury was waived.

We affirm that part of the judgment denying a foreclosure of the claim of a mechanic's lien. We reverse that part of the judgment granting a personal judgment for plaintiff against the defendants Michael Hynes and Henrietta Hynes. The issue of personal liability is remanded to the district court with directions to try such issue as a law action.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., dissenting.

The mistake of the trial court in this case was that it followed the rules of law repeatedly stated in the judicial precedents of this state. That, so holds the court, was prejudicial error.

The court holds in this case that a mechanic's lien for foreclosure is, at its start, triable in equity; that if at the trial the plaintiff establishes a right to a lien for 1 cent or more it remains an equity action and the court has the right, *in equity,* to determine all issues presented in the case, including issues which standing alone would be triable at law. However, if the plaintiff fails to establish a lien for 1 cent or more, or the court, for any reason, holds the alleged lien to be invalid, whether during trial or at its close, then at that time the case ceases to be triable in equity, and the court *on its own motion* must stop hearing the case in equity and proceed to hear the law issue as an action at law with a jury waived, or if not waived, then to a jury.

Of course, the new rule must be applicable to actions generally. The common one is where a party seeks an injunction and a recovery of damages. The action is heard initially as an action in equity. The trial court in equity may hear *all the evidence* as to the right of

the plaintiff to an injunction and to damages. If at the close of the evidence the court determines that equitable relief by injunction should not be granted, then it cannot properly determine the issue of damages, *already tried.* It must then retry the cause and submit that question to a jury unless the defendant waives a jury, in which event the court determines it as in an action at law, although the court had heard the evidence as a cause in equity subject to equity rules. To reach that conclusion the court directly overrules and disapproves several recent decisions of this court and disapproves others generally. I shall refer to those decisions later.

This court has held: "The essential character of the cause of action and the remedy or relief it seeks, as shown by the allegations of the petition, determine whether a particular action is one at law or in equity, unaffected by the conclusions of the pleader or what the pleader calls it, or the prayer for relief." Long v. Magnolia Petroleum Co., 166 Neb. 410, 89 N. W. 2d 245.

The excluding of the "prayer for relief" is contrary to several of our earlier decisions. In Keens v. Gaslin, 24 Neb. 310, 38 N. W. 797, we held: "In cases of doubt, where the pleader has stated a cause of action in equity, and also one at law, in such a manner as to leave it uncertain which one he intended to pursue, resort may be had to the prayer for relief to determine the character of the action."

Other decisions mentioned later herein include the prayer for relief as a proper consideration. In fact the prayer for relief was fully quoted and considered in Robinson v. Dawson County Irr. Co., 142 Neb. 811, 8. N. W. 2d 179, which is one of the cases directly disapproved in the court's opinion here.

As late as Johnson v. Radio Station WOW, on rehearing, 144 Neb. 432, 14 N. W. 2d 666, in a supplemental opinion we held: "The character of a cause of action is determined by the allegations of fact contained in the petition, unaffected by the conclusions of the

pleader. * * * The prayer of the petition asks for general equitable relief and is not, therefore, so restrictive as to preclude the holding that constructive fraud exists."

The above-quoted rule is a clear rule advising a trial court how to determine whether a "particular action" is one at law or in equity. It is a long-established and often-repeated rule. In the above opinion its source is shown to have been in Mills v. Heckendorn, 135 Neb. 294, 281 N. W. 49. There its source is shown to have been in 1 C J. S., Actions, § 54, p. 1154. Save for the clause "or the prayer for relief" it is in accord with our decisions from the beginning as will appear later in this dissent.

The text from which the rule was taken was quoted with full approval in our opinion, on rehearing, of Johnson v. Radio Station WOW, *supra.* The rule from Mills v. Heckendorn, *supra,* was quoted with full approval in Brchan v. The Crete Mills, 155 Neb. 505, 52 N. W. 2d 333. Johnson v. Radio Station WOW, *supra,* was followed by this court in Benson v. Walker, 157 Neb. 436, 59 N. W. 2d 739, for the rule that: "The character of a cause of action is determined by the allegations of fact contained in the petition, unaffected by the conclusions of the pleader." It was followed again in Svoboda v. De Wald, 159 Neb. 594, 68 N. W. 2d 178.

I recognize that it may be said that the rule above quoted may be followed at the *beginning* of the trial, but, as a result of this opinion, it may no longer be followed *after the trial begins.* For under the decision of the court now made, a cause may start as one triable in equity, but if during the trial the evidence discloses that there is no equitable cause in fact, or the court concludes during the trial or at its close that equitable relief is not to be granted, the court at that point must stop its proceedings, and on its own motion, advise the parties that legal issues only remain for trial, and that the right to a jury trial must be waived, or the legal issues must be tried to a jury.

The court must then proceed to render a decree on the equitable issue and proceed in the same case to try the law issue as a law action and that even though it involves a resubmission of all the evidence properly received when the cause was properly proceeding as an action in equity. To reach that result the court overrules a long line of established precedents, some by direct reference, and many others without reference. The court rests its conclusion on two decisions of this court, namely Reynolds v. Warner, 128 Neb. 304, 258 N. W. 462, 97 A. L. R. 1128, and Massman Construction Co. v. Nebraska Workmen's Compensation Court, 141 Neb. 270, 3 N. W. 2d 639. I shall discuss those cases later herein. Without discussion of the cases, the court disapproves Parsons Construction Co. v. Gifford, 129 Neb. 617, 262 N. W. 508; Robinson v. Dawson County Irr. Co., *supra;* Gibson v. Koutsky-Brennan-Vana Co., 143 Neb. 326, 9 N. W. 2d 298; and Patterson v. Spelts Lumber Co., 166 Neb. 692, 90 N. W. 2d 283; "and others of similar import, which conflict with the general rule that equity jurisdiction will not be retained to grant legal relief where no right to equitable relief is established." Later herein I will discuss those cases and "others of similar import" which apparently are too numerous for the court to mention.

The judicial mowing machine thus cuts a wide swath through the established precedents of this court cutting down those that stand in its way, and weakening, if not effectively destroying, many others.

Trial courts have followed these now discarded precedents. We will have other cases where we will now be compelled to find "prejudicial error" was committed by the trial court requiring a reversal, and where it may be truly said that the only error of the trial court was that it followed our established long-recognized precedents.

Some interesting questions can arise on appeal as a result of this decision. Suppose a trial court reaches a

conclusion, such as was made by this court on trial de novo in Patterson v. Spelts Lumber Co., *supra,* that a mechanic's lien was valid for the sum of $6.52, and then proceeds to determine the amount of the judgment which the lienholder was entitled to recover in addition thereto and renders a decree *in equity* foreclosing the lien for $6.52, and awards judgment for the balance due, not protected by the lien. It is my understanding of the opinion of the court here adopted, that this decision does not disturb the holding in the case of Patterson v. Spelts Lumber Co., *supra,* that equity has the full right to render both a decree of foreclosure and a personal judgment under those circumstances.

But supposing on appeal the defendant contends that the trial court erred in awarding foreclosure for only $6.52 and in not awarding a lien for the balance of the items proven, and suppose a plaintiff cross-appeals, contending that he is not liable for the amount found due in the judgment against him. Under those circumstances we would retry the issue as to the lien and its amount de novo as in equity.

Supposing we determined that there was no valid lien for any amount then under this decision, a jury trial not having been waived, we would be required to remand the cause as to the liability of the defendant to the plaintiff for retrial as a law action.

But supposing the trial court had offered the defendant a jury trial on the law issue and it had been waived, and then had determined the law action as such, tried to the court without a jury. We would then on appeal review the record here as to the law issue on the presumed infallibility rule. (See my dissent in Capital Bridge Co. v. County of Saunders, 164 Neb. 304, 83 N. W. 2d 18.)

So it is conceivable that on an appeal here we might be called upon to review the evidence de novo as to one issue and reach a fact conclusion thereon. We might thereafter be required to review the same evidence, in

part at least, under the law rule and be compelled to reach a diametrically opposite conclusion.

The findings under the law rule would of necessity control and the finding under the equity rule would be required to yield. The law rule would then to that extent supplant the judicial, statutory approved, de novo rule.

Of course, when those or like questions come to us, we will decide them. Our docket is current and a few more cases added to it will not cause extreme burdens to us.

But what of the burden cast upon trial courts of trying causes piecemeal and twice where heretofore one trial has been held sufficient? I here refer to the often stated established rule that: "Where an equity court has obtained jurisdiction of a cause for any purpose it will retain it for all, and proceed to a final determination of the case, adjudicate all matters in issue, and thus avoid unnecessary litigation." Dennis v. Omaha Nat. Bank, 153 Neb. 865, 46 N. W. 2d 606, 27 A. L. R. 2d 674. That rule was followed in Fiala v. Tomek, 164 Neb. 20, 81 N. W. 2d 691. I shall refer to other decisions later herein following the above rule. The court now limits the rule to a right to retain jurisdiction and refuses to follow that part which states that it will retain it (the cause) for all purposes and proceed to a final determination of the case, adjudicate all matters in issue, and thus avoid unnecessary litigation. That vital restriction of the rule is inherent in the court's present decision. The trial court may now retain the cause only for jurisdictional purposes.

That rule like many others stated later herein is in the class of "others of similar import" which are here disapproved.

Heretofore we have often said that we should avoid creating pitfalls in the course of litigation and that we should seek to reduce the cost of litigation, expedite trials, and simplify issues (as by pretrial, etc.), all to the end of a better administration of justice.

To avoid these, and like questions, all we need do here is to follow our established rules and precedents which are now directly and indirectly overruled, disapproved, or modified.

The decisions of this court dealing with this subject matter are so interlocked and interwoven that it is impossible to refer to them separately and at times without repetition. Yet I deem it necessary in order to show the full impact of this decision on the established law of this state.

It becomes important to state the issues, in the case the court now decides, a bit more fully than is done in the court's opinion. Plaintiff filed his petition seeking to foreclose a mechanic's lien and praying for a personal judgment. He attached a copy of the lien as filed, and alleged that it had been filed within 4 months after the last item of labor and material had been performed, furnished, and delivered.

The mechanic's lien recited that the last item furnished was on July 26, 1954. He alleged that the mechanic's lien was filed August 25, 1954. His petition stated a cause of action in equity.

The defendants Bradish answered, denying any agreement with the plaintiff, denying any contract at any time, and denying the furnishing of labor and materials "subsequent to November 15, 1956 (sic)." They further alleged that if any cause of action against them ever accrued it accrued within 4 months subsequent to November 18, 1953, and was accordingly barred by the statute of limitations. Plaintiff by reply filed a general denial to this answer.

Defendants Hynes demurred on the ground that no cause of action was stated as to them. The trial court overruled the demurrer. Defendants Hynes then answered and pleaded the $700 contract recited in the proposed opinion. They further pleaded full payment, so far as they were concerned, and also pleaded that the lien was not filed within the time required by statute.

So both parties pleaded the statute of limitations as a defense to the mechanic's lien. Plaintiff by reply filed a general denial to this answer.

Defendants Bradish then replied to the defendants Hynes' answer and among other things alleged facts upon which they claimed the benefit of the statute of limitations.

The matter went to trial on the issues so made. The trial court held that "under the evidence and pleadings" plaintiff was not entitled to a lien. It rendered judgment against the defendants Hynes.

The defendants Hynes then filed a motion contending *for the first time* that the court had no jurisdiction to enter a money judgment against them and that they were entitled to a jury trial.

We have held: "The benefit of the statute of limitations is personal and, like any other personal privilege, may be waived and will be unless pleaded. * * * The statute of limitations must be pleaded either by answer or demurrer. * * * When a petition shows on its face that the action therein stated is barred by the statute of limitations a general demurrer will raise the defense." Vielehr v. Malone, 158 Neb. 436, 63 N. W. 2d 497.

The affirmative defense of the statute of limitations was raised here by answer and became an issue to be tried as to the facts. The decree of the court shows that it was tried out.

I call attention to these pleadings and the finding of fact for this reason: They show that the fact of the statute becoming a bar to the validity of the lien did not appear until the cause was tried.

We are then dealing with a case where equity had jurisdiction on the issues as made and where a trial of the facts was required to determine the sufficiency of the defenses pleaded.

The court holds, when it develops in the trial that equitable relief as such cannot be granted, that the court

then must submit the question of the right of the plaintiff to recover a money judgment to a jury.

It is contrary to the rule stated in the court's opinion "that, where a court in exercise of its equity powers acquires jurisdiction for any purpose, its jurisdiction will continue for all purposes, and it will try all issues." I discussed above the vital modification of this rule now made by the court.

The court to sustain its opinion, quotes at length from two of our decisions. The language used there by the court must be related to the issue being determined.

The court quotes from Reynolds v. Warner, *supra*. I shall refer to this decision later herein, and point out that the authority relied on to sustain that decision rests on an "ancient" equity rule that is not applicable in the states, such as Nebraska, where the reformed procedure is in effect. I point out now that the subject matter of that litigation was an attorney's lien; that such a right is a common law right; that the statutes provide no remedy such as is provided by section 52-114, R. R. S. 1943, wherein a mechanic's lienholder is authorized to proceed "by a petition in equity"; and that at the time that action went to trial the only issue remaining in it was that of how much if any amount could be recovered by the attorney—that being the sole and a law issue, and that a jury trial was there demanded.

The court also quotes from Massman Construction Co. v. Nebraska Workmen's Compensation Court, *supra*. In that case the plaintiff pleaded a cause of action in equity for an injunction. It included in its prayer a request for a writ of prohibition. The trial court denied the writ of prohibition. Plaintiff appealed. We affirmed. The effect of the holding is that a plaintiff cannot plead an equitable cause and then recover a law remedy. By contrast in the instant case plaintiff pleaded a cause in equity and prayed for equitable relief. Defendants Hynes injected the issue into the case of a separate contract between plaintiff and defendants Hynes and

Bradish and pleaded both the statute of limitations and payment in full. I shall develop later the effect of that injection of a law issue into the case by a defendant.

The quote from the Massman Construction Company case relied on here rests entirely upon the authority of Loeb v. Supreme Lodge, Royal Arcanum, 198 N. Y. 180, 91 N. E. 547. In that case the plaintiff sought equitable relief. The court held that the issues presented could not be tried on the law side of the court and dismissed the action for failure to prove the equitable cause alleged. The court was divided, four judges being for a dismissal and three judges insisting that the cause be tried to a jury. So to that extent the opinion of the New York Court of Appeals is contrary to the decision of the court in the instant case. But that is not the important distinction.

The important distinction is that in the New York case the plaintiff pleaded *only* an equitable cause of action and then sought a law remedy. In that regard the New York decision supports the Massman Construction Company case. But neither of the cases is the case which we have here.

I now cite Merry Realty Co. v. Shamokin & Hollis R. E. Co., 230 N. Y. 316, 130 N. E. 306. In that case the court stated "the case" as follows: "The plaintiff has brought action to foreclose a mortgage, taken in exchange of property as part consideration. The defendant having previously brought action for rescission, counterclaims by pleading the facts justifying rescission and asking that the exchange be set aside, that the Hollis lots be restored to it together with $1,500 damages." The trial court denied rescission and awarded damages for fraud and deceit. On appeal the court held: "The defendant had elected to rescind before this action was brought. After the amendment of the answer at the trial full and complete rescission was demanded. The judgment was not for rescission but for damages as in an action at law. The relief granted was inconsistent with the pleadings

and the theory of the action. This, we think, was error." The court to sustain its conclusion then quoted the same authority cited in Loeb v. Supreme Lodge, Royal Arcanum, *supra,* and other cases. The court then held: "Under our present system of pleading equitable and legal causes may be joined in the same complaint. * * * *Here no cause of action at law was ever pleaded.* * * * *Likewise the complaint could have been framed with a double aspect, a claim for rescission or, if such relief were found inadequate, a demand for money damages* * * *. Upon a new trial the defendant may have full rescission and get its lots back, or if this is impossible owing to changed circumstances or is inequitable for any reason, *then* it may have full and complete damages awarded by the Special Term for fraud and deceit in lieu thereof and a cancellation of the mortgage as part liquidation of these damages." (Emphasis supplied.)

It becomes patent then that, as in the Massman Construction Company case, where a plaintiff pleads solely an equitable cause of action he cannot recover a law remedy. But where as in the instant case a party joins "equitable and legal causes" or "with a double aspect" a claim for equitable or legal relief, the cause is triable in equity and the relief given that the circumstances of the case require.

It thus develops that the New York rule is exactly that for which I contend here and that the Massman Construction Company case is not important under the issues here made.

I point out later herein that when the court quoted from 30 C. J. S., Equity, § 73, p. 427, it quit reading too quickly. The Massman Construction Company case, as above pointed out, relies entirely on Loeb v. Supreme Lodge, Royal Arcanum, *supra.* That case is cited in 21 C. J., Equity, § 123, p. 144, note 85, for the rule in New York that: "In some cases it is positively declared that where a plaintiff seeks only equitable relief and fails to establish his equity, the court will not retain the

case to award legal relief." That is not the instant case.

The same paragraph from the Secundum which the court quotes, says this: "In other jurisdictions, under the influence of the provisions of the codes abolishing the distinction between actions at law and suits in equity and under which there is but one court and one form of action in which the judgment may give all the relief either in law or equity to which the party may show himself entitled, it has been held that up to the point where the constitutional right of trial by jury would be unduly prejudiced by going further there is no want of power to grant legal relief in an action commenced to secure equitable relief only, and this is true notwithstanding the facts of the case were known to plaintiff when he commenced his action for equitable relief." 30 C. J. S., Equity, § 73, pp. 428, 429. Cited in support thereof is the New York rule: "* * * where a court of equity has jurisdiction of the cause it has power to dispose of all the matters at issue and grant complete relief, and even if it is found that the parties are not entitled to equitable relief the court may retain the cause and grant such relief as is proper." Among other cases cited is Merry Realty Co. v. Shamokin & Hollis R. E. Co., *supra*.

So I submit that the Massman Construction Company case having directly committed us to the New York rule we should be willing to follow it in a case that is in direct accord with the rule for which I contend. This would seem to be particularly appropriate in view of the fact that our code of reformed procedure originated in New York.

The court then quotes from 30 C. J. S., Equity, § 73, p. 427. This rule states a condition to a general rule which this court has not adopted heretofore and which is contrary to many of our decisions referred to in this dissent. I shall return to that later herein.

The court quits reading too quickly. Had it continued the quote it would have shown the concluding rule that

a "retention of jurisdiction will not defeat a judgment where there is *no objection* and no obvious reason for a jury trial." This relates itself to the subject of waiver, which will be later referred to herein. Cited in support of the text quoted by the court are two Nebraska cases, Reynolds v. Warner, *supra,* and Massman Construction Co. v. Nebraska Workmen's Compensation Court, *supra.* So far as Nebraska is concerned I submit that the authority of the text does not rise higher than our cases cited to sustain it. No other Nebraska decisions are cited. Our two cases do not sustain the broad scope of the rule.

The court does not quote the rule from the same authority citing cases from almost every jurisdiction, including Nebraska, that: "* * * it is a well settled rule that a court of equity which has obtained jurisdiction of a controversy on any ground, or for any purpose, will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject matter, * * *." 30 C. J. S., Equity, § 67, p. 414. Here I point out that as authority for this text the author cites seven of our decisions. Thirteen more, including two of those now disapproved, are cited in the pocket part supplement, and the antecedent authority, 21 C. J., Equity, § 117, p. 134, cites ten additional decisions of this court. Nor does the court quote the rule from the same authority that: "While it has been said that equity will not retain jurisdiction for the purpose of depriving a litigant of his right of trial by jury, and that if a trial of the legal matters by jury is essential to relief, or if the issue is peculiarly more appropriate for trial by jury than by a judge, equity will ordinarily decline jurisdiction as to those matters leaving the parties to their legal remedies, equity may, nevertheless, retain jurisdiction and pass on issues ordinarily tried by a jury, even though the effect is to that extent as to deprive litigant of a jury trial, * * *." 30 C. J. S., Equity, § 67, p. 420.

The court also quotes from 19 Am. Jur., Equity, § 132, p. 132. Here again, Reynolds v. Warner, *supra,* is cited to sustain the latter part of the text.

Text statements, unless analyzed, can be misleading. The first sentence quoted by the court from American Jurisprudence states a rule in the disjunctive. I leave out the first disjunctive clause. The cited rule then is: "The rule which permits the court of chancery to retain jurisdiction of litigation and finally dispose thereof is limited in its application to cases * * * in which the jurisdiction of the court has been rightfully invoked." That is this case. Here plaintiff pleaded a cause of action in equity. He prayed for equitable relief. His cause of action was good but was defeated by the defenses pleaded, *when those defenses were proven.*

The court could have but did not quote from the same authority which states: "The rule is that equity will not enter a partial or incomplete decree. Having taken cognizance of a cause for any purpose, a court of equity will ordinarily retain jurisdiction for all purposes; decide all issues which are involved by subject matter of the dispute between litigants; *award relief which is complete and finally disposes of the litigation* so as to make performance of the court's decree perfectly safe to those who may be compelled to obey it; accomplish full justice between the parties litigant; and prevent future litigation. * * * *A part of the controversy should not be remitted to a court of law."* (Emphasis supplied.) 19 Am. Jur., Equity, § 127, p. 126. Curiously enough, Reynolds v. Warner, *supra,* is cited as authority for the clause first emphasized above.

Now what is the precise rule in Gibson v. Koutsky-Brennan-Vana Co., *supra,* and in Patterson v. Spelts Lumber Co., *supra,* at which the blanket disapproval is directed. It is this: "Ordinarily a personal judgment in favor of a mechanic's lien claimant may be rendered although he fails to establish his alleged lien."

The court makes no objection to the major premise

of the opinions that: "A court of equity which has obtained jurisdiction for any purpose will retain jurisdiction for the purpose of administering complete relief between the parties with respect to the subject matter." As I have pointed out, however, the effect of this decision is to quite seriously modify that rule. The quote is from the Spelts Lumber Company case.

Is the rule stated a correct rule? If it is, then the conclusion of the court in the instant case is in error.

I call attention to the fact that the same rule was followed in Gibson v. Koutsky-Brennan-Vana Co., *supra,* citing the same authorities as are cited in the Spelts Lumber Company case. In that case the defendant sought foreclosure of a mechanic's lien. We affirmed a decree ordering the lien discharged of record and affirmed a personal judgment for the defendant against the plaintiff, holding: "We conclude that even though the mechanic's lien affirmatively pleaded in defendant's answer failed of foreclosure, the court did not err when it made an accounting between the parties and awarded a personal judgment against the plaintiff owners, they being personally liable for the material furnished by defendant."

So there was a precise holding affirming the application of the rule that was later stated and followed in the Spelts Lumber Company case.

I next call attention to the fact that Corpus Juris and Corpus Juris Secundum (the same authority upon which the court relies) cite 30 jurisdictions supporting the rule adopted in the Spelts Lumber Company and Gibson cases and 5 jurisdictions as holding contra. See 57 C. J. S., Mechanics' Liens, § 329, p. 1014. American Jurisprudence says it is the general rule. See 36 Am. Jur., Mechanics' Liens, § 283, p. 172. I am not arguing in favor of a rule by counting jurisdictions solely. I do think that before so well established a general rule is overruled *after* having been adopted by us *twice,* that the court should pay a bit of attention to the holdings of

authorities in other states. The court's opinion disapproves them without benefit of direct reference. I submit the challenged rule is the law of this state, so declared by two opinions directly, in recent years.

The court holds that to fail to follow Reynolds v. Warner, *supra,* "would operate to deprive a party of his constitutional right to a trial by jury."

The majority opinion does not define the boundaries of that "constitutional right."

What is the constitutional right of trial by jury?

The Constitution says: "The right of trial by jury shall remain inviolate, * * *." Art. I, § 6, Constitution of Nebraska.

We have held: "We are committed to the view that this provision does not create or extend, but merely operates to preserve, the right of jury trial as it existed prior to the adoption of our Constitution of 1875. In other words, it may not be curtailed." In re Guardianship of Warner, 137 Neb. 25, 288 N. W. 39. "* * * the purpose of these provisions was to preserve the right of trial by jury as it existed at common law and under the statutes in force when the Constitution was adopted." State v. Hauser, 137 Neb. 138, 288 N. W. 518.

The question, then, is: Is this such a case where the right of trial by jury existed when the Constitution of 1875 was adopted?

I take it that there will be no contention that a jury trial is a constitutional right in an equity case.

I point out that the right to a mechanic's lien is a statutory right.

The procedures for recovery are statutory also. Section 52-104, R. R. S. 1943, gives a person holding a lien a right to bring a civil action for the amount of his account and that the lien shall continue "until such suit is finally determined and satisfied." Section 52-114, R. R. S. 1943, gives the lienholder the right to "proceed * * * in equity" etc. The provision authorizing a proceeding in equity stems back as far as section 17 of an

act regarding mechanics' liens passed in 1858 (Laws 1858, p. 225), where the phrase used is "petition in chancery." So this was an equitable proceeding before the right of trial by jury provision was adopted in the 1875 Constitution.

I call attention again here, as I will develop later, that the attorney's lien statute which was involved in Reynolds v. Warner, *supra,* which is the main reliance of the court's opinion, has no such statutory procedure authority.

It is important to note that from the beginning the right of trial by jury in a civil action has been a limited, restricted right.

The Territorial Legislature by act approved February 13, 1857, adopted a code "Respecting practice and proceedings in Courts of Justice."

It therein provided that: "Issues of fact shall be tried by the court unless one of the parties require a jury." Laws 1857, c. XIV, § 11, p. 68. Here not a waiver but a demand for a jury was required. This chapter was repealed by the act of 1858 to which I now refer. Laws 1858, p. 213.

The Territorial Legislature of 1858 (Laws 1858, Tit. I, §§ 3, 5, p. 109) provided: "The distinction between actions at law, and the forms of all such actions and suits, heretofore existing, are abolished; and in their place, there shall be, hereafter, but one form of action, which shall be called a civil action. * * * There can be no feigned issues; *but a question of fact, not put in issue by the pleadings, may be tried by a jury,* upon an order for the trial, stating, distinctly and plainly, the question of fact to be tried, and such order is the only authority necessary for a trial." (Emphasis supplied.)

It further provided (Laws 1858, Tit. IX, Art. I, §§ 262, 263, pp. 150, 151) that: "Issues of fact arising *in actions for the recovery of money,* or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered as here-

inafter provided. * * *  *All other issues of fact shall be tried by the court,* subject to its power to order any issue or issues to be tried by a jury, or referred as provided in this code." (Emphasis supplied.)

This provision regarding a jury trial is now found in section 25-1104, R. R. S. 1943. This provision, then, stems back to a provision of the territorial law that related to "actions at law" as is shown by the following history of the act. It did not apply in the beginning to actions in equity and I submit it does not do so now.

The above provision relates to "distinctions between actions at law." The Legislature in 1867 repealed that provision and enacted the provision: "That the distinctions between actions at law and suits in equity, and the forms of all such action and suits heretofore existing, are abolished; and in their place there shall be hereafter but one form of action, which shall be called a 'civil action.'" Laws 1866-67, § 1, p. 877.

At the same time the Legislature repealed Title XXIV, "chancery," which was in the 1866 code. The Legislature also repealed Title VI, "joinder in actions" in the 1866 code so as to make it apply "whether they be such as have heretofore been denominated legal or equitable, or both, * * *." The same provision exists now in section 25-701, R. R. S. 1943. There is no claim here of misjoinder of causes of action. I cite this development to show that all of these reformed procedures were enacted prior to our 1875 Constitution and were an integral part of our judicial system before the right of trial by jury provision was placed in the 1875 Constitution.

The rule which the court now adopts is contrary to our holdings in the Gibson and Spelts Lumber Company cases. It is contrary to our holdings from the beginning in mechanic's lien foreclosure cases and other cases involving the right of an equity court to try all issues without the intervention of a jury. It is contrary to

the repeated declarations of this court regarding the power of an equity court.

I now cite some of the cases. In Dohle v. Omaha Foundry & Machine Co., 15 Neb. 436, 19 N. W. 644, we held: "An action to foreclose a mechanic's lien is essentially a suit in equity, and a party is not as a matter of right entitled to a jury trial therein."

That case has been repeatedly cited with approval in subsequent cases. It came before the court in Morrissey v. Broomal, 37 Neb. 766, 56 N. W. 383. There defendant sought to foreclose a lien on grain and to recover damages. We there said: "The cross-petition demanded equitable relief only. It invoked the equity powers of the court, and the issues made by the cross-petition, the answer of the appellant thereto, and the reply of the appellees were entirely equitable; but appellant also alleged by way of counter-claim in his answer that he had been damaged $10,000 by the wrongful termination of the contract by the appellees. * * * After the evidence was in, it appeared that the grain called for by the warehouse receipts sought to be foreclosed had been already disposed of by the appellant, and *his counsel now contends that the court should have then impaneled a jury.* But this position is untenable. *The court was sitting in equity. It had before it on the pleadings an equitable action, and it did not lose its jurisdiction because the evidence disclosed that the only adequate relief it could afford was a personal judgment.* * * * *The court was right in refusing the appellant a jury trial."* (Emphasis supplied.)

The Dohle case was cited again in Sharmer v. McIntosh, 43 Neb. 509, 61 N. W. 727, where we held: "Where a petition states a cause of action for equitable relief and prays for equitable relief, a jury cannot be demanded as a matter of right for the trial of any issue arising in the case."

The Dohle case was cited again with approval in Yager v. Exchange Nat. Bank of Hastings, 52 Neb. 321,

72 N. W. 211. There the *prayer of the petition was for a money judgment.* On issues made the court submitted the matter to a referee. He reported in favor of the defendant. The report was confirmed and the case dismissed. The plaintiff contended that the action was one essentially for the recovery of money and that in actions for the recovery of money the cause shall be tried by a jury. We sustained the contention. We there held: "Whether or not a right to trial by jury exists must be determined *from the objects of the action as determined by the averments of the petition, and in case of ambiguity by resort to the prayer.* * * * If the action is in its nature one triable by jury, the right to such trial will not be defeated because, in order to accomplish the main object of the action, it becomes necessary to determine issues as to the existence of equitable rights." (Emphasis supplied.) The reason for the distinction is apparent.

The Dohle case was again cited with approval in Woodrough v. Douglas County, 71 Neb. 354, 98 N. W. 1092. We there held: "Plaintiff further contends that the law is unconstitutional because the act makes no provision for a trial by jury. It will be observed that, by the terms of the law itself, the action by the county to foreclose the tax lien is declared to be a suit in equity. There never was, and there is not now, any constitutional or statutory right of a jury trial in an equitable action."

I again point out that "by the terms of the law itself" an action to foreclose a mechanic's lien is a "proceeding in equity."

It does not appear that anyone since that time, until now, has challenged the rule of the Dohle case.

It may be pointed out that the Dohle case and the Morrissey case are cited in 89 A. L. R. 1391, for the rule that: "The great weight of authority is to the effect that the interposition by the defendant in an equitable action, of a counterclaim of a legal nature, gives him no right to a jury trial, either of the case

generally or of the issue raised by the counterclaim." The annotation cites decisions from 17 other states and England in support of the "great weight of authority" rule above quoted.

I next go to our decision in Pickens v. Polk, 42 Neb. 267, 60 N. W. 566. Before discussing this case I refer to the holding in the majority opinion that a failure to establish a right to equitable relief "does not divest the court of its jurisdiction of the subject matter."

In the above action Pickens brought an action against two defendants. Polk was the defendant with whom it was alleged Pickens had a contract that was the foundation of a mechanic's lien. Polk sold the property. The title vested in one Leeson. Pickens sought to foreclose the mechanic's lien naming Polk and Leeson as defendants. Service was had on Polk but not on Leeson within the statutory period.

We held that the action as to Polk was for a judgment upon the account, that he had no interest in the property, and that the relief sought as against either defendant was distinct and separate from the demand against the other.

The trial court rendered judgment against Polk for the amount of his (Pickens') account. We held: *"The court had jurisdiction of the subject matter. * * * We think the action of the court, by which it retained and tried the controversy between appellee and Milton D. Polk on the account and adjudicated it, was proper and right."* (Emphasis supplied.)

We reversed the decree "in so far as it awards a foreclosure of the mechanic's lien," dismissed the action as to Leeson, and affirmed the judgment as against Polk. I point out that the right to a jury trial was not presented, but the right of the *court* to determine the independent issue was affirmed.

We cited the Pickens case in Parsons Construction Co. v. Gifford, *supra.* This is one of the decisions which is disapproved in the court's opinion and without dis-

cussion. This is perhaps a proper place to discuss the Parsons Construction Company case. I call attention to the fact that it is written by the same judge who wrote Reynolds v. Warner, *supra* (which is the principal case relied upon by the proposed opinion), and that it was filed less than 8 months after Reynolds v. Warner, *supra,* was decided.

The Parsons Construction Company case was argued here on January 22, 1935. Under the mechanics of handling opinions here it is obvious that the decision had then been made in Reynolds v. Warner, *supra.* It must have been fresh in the minds of the court and of the judge who wrote it, for it was filed 8 days later. It appears obvious that the judge who wrote the two opinions, and the court, saw no conflict in the two decisions. The attorneys for Gifford, in the Parsons Construction Company case, filed briefs for rehearing in that case in October 1935, 9 months after Reynolds v. Warner, *supra,* was decided. They contended that the rule here discussed, as decided in the Parsons Construction Company case, was erroneous. They cited no Nebraska decisions to sustain them.

Reynolds v. Warner, *supra,* has remained in our reports now for a quarter of a century. During that time it has never been cited on the question here involved, although we have repeatedly, during that time, decided the precise issue now involved contrary to what the court now holds.

Now after all that time it suddenly comes forth with all the blazing light of the noonday sun. That which the court now sees clearly in it has heretofore not been seen at all.

The Parsons Construction Company case was an action to foreclose a mechanic's lien by a subcontractor. Gifford, a defendant, filed a cross-petition asking for damages against the contractor. The action was tried first on the issue of the mechanic's lien. *The trial court denied foreclosure of the lien,* just as it did in the instant case.

"Thereafter" (a year later) the case was tried on the issue of damages. Gifford then demanded a jury trial. A jury trial was denied.

We affirmed the denial of a right to trial by jury, citing the Pickens case as above quoted, and held: "In this case, the suit in equity was properly brought to foreclose a mechanic's lien. These other issues were pleaded by the defendants. It is a well-settled rule that a court of equity which has obtained jurisdiction for any purpose will retain jurisdiction for the purpose of administering complete relief with respect to the subject-matter. * * * The subject-matter of this suit was the foreclosure of a mechanic's lien under a contract for the construction of the addition to the Sanford Hotel."

The writer of the opinion gave "another reason" also, but the first and initial reason is that above shown.

I next call attention to Lett v. Hammond, 59 Neb. 339, 80 N. W. 1042. Plaintiff's petition prayed for a money judgment on a contract. The defendant moved that the cause be transferred to the equity docket on the ground that it involved an accounting. When the cause came to trial plaintiff demanded a jury trial. It was refused and judgment (after trial) was for the defendant. Plaintiff appealed, asserting his right to a jury trial. We held: "In a strictly law action a party is entitled to a jury trial as a matter of right. * * * It is urged for defendant that there were issues in the case which were in their nature equitable. If so, they were but incidental to the main one, which was purely legal. The relief sought was the recovery of money asserted to be due because of a breach of the contract. No equitable relief was asked. With such prevailing conditions of the issues the plaintiffs had a right to a jury trial." (Emphasis supplied.)

The distinction made in the Lett case supports a denial of a trial by jury here.

Daniels v. Mutual Benefit Life Ins. Co., 73 Neb. 257, 102 N. W. 458, began as an action to foreclose a mort-

gage. We there held: "The next question urged is that the court erred in overruling the demand of plaintiffs in error for a trial by jury on the question of their liability for a deficiency judgment. The determination of this question depends *on the nature of the action at its inception*. If purely equitable the right of trial by jury did not exist; if legal in its nature at its inception, although equitable defenses might be interposed, the right of a trial by jury would still remain." (Emphasis supplied.)

The distinction there made supports a denial of a trial by jury here. The instant case was equitable at its inception, being made so by statute and by pleading.

I next call attention to our decision in Robinson v. Dawson County Irr. Co., *supra*. This is a "cow" case if there ever was one. The conclusion reached is directly contra to the court's present opinion. This decision also is disapproved by the court without discussion. In that case plaintiff sought an injunction which is an equitable cause as is the foreclosure of a mechanic's lien. Plaintiff sought also a recovery of damages which, considered separate and apart, is a prayer for a money judgment.

Plaintiff waived his alleged right to an injunction. In short, he waived his right to an equitable remedy. In the instant case the plaintiff insisted on his right to a remedy in equity, but the court found that it was barred by statute. So in the Robinson case the issue of equitable relief by way of injunction was out of the case before trial. In the instant case it was not out of the case until the evidence at the trial demonstrated that the defense of the statute of limitations was good.

In the Robinson case the trial court did what the court holds should have been done in the instant case. The issue of damages was tried to a jury and a judgment rendered for the plaintiff. Defendants appealed, complaining of the instructions. We held that there was "manifest error" in one of them.

Plaintiff contended that the action for damages was incidental to the equitable cause and that the verdict of the jury was "therefore * * * advisory only." We held that: "These contentions require an examination of the *nature of the action* and the procedure followed in obtaining the judgment from which this appeal is taken." (Emphasis supplied.)

We then stated that the suit was one to obtain an injunction and to recover damages. We quoted the prayer of the petition. (The tracks of Yager v. Exchange Nat. Bank of Hastings, *supra,* appear here.) We then held: "We think the case is one in which a court of equity could properly take jurisdiction, and jurisdiction once having been taken, the case will be retained for the adjudication of all issues. No objection was made to the court's calling of a jury. *The mere fact that the trial court failed to grant an injunction does not deprive such court from hearing the prayer for damages for the injuries suffered.* The verdict of the jury must, therefore, be treated as advisory in character and the presumption follows that any errors in the submission of the case to the jury were considered by the trial court before judgment was entered. Prejudicial error in the instructions to a jury called in an advisory capacity cannot be successfully asserted. We hold therefore that reversible error in the instructions in the present case could not be successfully assigned in view of the fact that the verdict of the jury was advisory only." (Emphasis supplied.) Obviously the conclusion was so patent that no authorities are cited to sustain it. Although "disapproved" the effect of the court's opinion is to overrule this decision.

I now go to others of our decisions "of similar import" to the four decisions of this court which are specifically disapproved in the court's opinion. As I view it these decisions also stand cut down and disapproved, without mention.

In Kuhl v. Pierce County, 44 Neb. 584, 62 N. W. 1066,

the court said: "The spirit of the constitution and laws of this state seems to be this, that if an issue of fact arise in an action equitable in its nature such issue of fact is triable to the court; but if the issue of fact arise in a *purely* legal action then the issue of fact is triable to a jury." (Emphasis supplied.)

The distinction in the cases is illustrated by our decision in Larabee v. Given, 65 Neb. 701, 91 N. W. 504. There the plaintiff brought an action for false representation in the sale of land. He had given a note secured by mortgage for a part payment. He sought a judgment for damages and an order restraining the negotiation of the note until the damages were ascertained and credited on the note. The obvious primary issue was false representation. The action was tried to the court "without a formal waiver of a jury." Error, if any, as to that was waived in this court. We held: "The principal contention on behalf of the plaintiffs in error is that the petition improperly joins causes of action for legal and equitable relief. We can not uphold this contention. It was definitely settled by this court in Erickson v. First Nat. Bank of Oakland, 44 Nebr., 622, and the cases there cited, that an injunction will be granted to restrain the sale of a negotiable note, so as to cut off defenses of counter-claim and recoupment thereto. It is perhaps true that *under the former practice,* and in jurisdictions in which legal and equitable remedies are administered by separate tribunals, the extent of relief obtainable in equity would be to restrain the sale of the note until the damages could be ascertained at law; but we are of opinion that under *our practice both issues may,* if the complainant desires, *be tried in a single action;* the right to a trial of the issue of damages by a jury being preserved to the defendant, *if he demands it."* (Emphasis supplied.)

I point out this case because of its holding that, even on the trial of an essentially law issue raised by the petition, the defendant must demand it in order to have a

jury trial. The court, and not the defendant, must now raise that question.

Ames v. Ames, 75 Neb. 473, 106 N. W. 584, involved an action to cancel a deed to real estate; to adjudge the plaintiff to be the owner of an undivided one-third interest therein; to recover $1,500 on account of rents and profits; and for equitable relief. The plaintiff asked for a jury trial of the issues of fact. It was refused. The court found and decreed for the defendants. Plaintiff appealed. We held: "The prayer shows that the plaintiff sought equitable relief, and that a part of the relief sought was such as the court could grant only in the exercise of its chancery powers. On the other hand, while a part of the relief sought might have been in an action at law, no relief is prayed that the court, in the exercise of its plenary powers as a court of equity, might not have granted. And this would be true, even had the amendment to the prayer for relief been allowed, because, when a court of equity acquires jurisdiction over a cause for any purpose, it may retain the cause for all purposes, and proceed to a final determination of all matters at issue in the case. 1 Pomeroy, Equity Jurisprudence (3d ed.), sec. 181. It would seem reasonable to hold that, where a party files a petition in the district court which states facts sufficient to entitle him to both legal and equitable relief, and prays relief, a part of which only can be had at law, but all of which may be had in equity, he intends thereby to invoke the chancery, and not the common law, powers of the court. There is no doubt that, after filing a petition of that kind, the plaintiff might elect to proceed at law, but he should manifest his election by some unequivocal act which would commit him to the theory that he had abandoned his claim to equitable relief. Here the only acts relied on as showing such election are the two requests for the submission of the questions of fact to a jury. But it is not an uncommon practice for courts, in the trial of purely equitable issues, to submit such

issues to a jury. But a jury cannot be demanded as a matter of right. (Citing cases.) There was nothing, therefore, in the demand for a jury inconsistent with the theory that the plaintiff was prosecuting a suit in equity, and nothing on the face of the record which would have prevented him, had a jury trial been allowed which resulted in a judgment in his favor, from insisting that it was a suit for equitable relief, and not in ejectment, *and that a second trial thereof as of course could not be had.* It seems to us the court very properly regarded and tried the cause as a suit in equity." (Emphasis supplied.)

In Card v. Deans, 84 Neb. 4, 120 N. W. 440, plaintiff brought an action in ejectment. Defendant asserted ownership and prayed to have title quieted in him as against the plaintiff. Plaintiff requested a jury trial. It was denied. On appeal by plaintiff we held: "Plaintiff complains because he was refused a jury trial. The petition was such as is usual in actions in ejectment, but the defendant alleged ownership of the real estate, and prayed for affirmative equitable relief, which could not be granted in a jury trial. This court has held that in a law action where the answer sets up an equitable counterclaim the cause is triable to the court. (Citing case.) In Jewett v. Black, 60 Neb. 173, it was held that in an action in ejectment where the defendant prays for affirmative equitable relief, and pleads facts entitling him thereto, the issues are triable to the court without a jury. The case at bar falls within this rule, and a jury trial was properly denied."

It would seem by analogy, that plaintiff having brought an action seeking "affirmative equitable relief, which could not be granted in a jury trial," and defendant having injected into the case a law issue, that the entire cause would be triable to the court.

Krumm v. Pillard, 104 Neb. 335, 177 N. W. 171, was an action to quiet title based on adverse possession. The defendant demanded a trial by jury. It was refused.

On appeal we held: "Our statutory provisions relating to this subject provide: 'Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury.' Rev. St. 1913, sec. 7843. 'All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury, or referred as provided in this Code.' Rev. St. 1913, sec. 7844. The decisions of our court on this subject have established a pretty clear line of demarcation between these two classes of cases. When the action is one *purely legal* in its nature, the rule is that either party ordinarily, as a matter of right, is entitled *to demand* a jury trial. (Citing cases.) When the cause is for equitable relief, a jury cannot be demanded as a matter of right by either party to try any issue arising in the case. (Citing case.) [In the instant case there was no demand for a jury.]

"The only question then to be determined is whether the present action is to be regarded as a *purely law action*, or is it one calling for the exercise of the equity power of the court. This must be determined by the *allegations and prayer of the petition."* (Emphasis supplied.)

In In re Estate of Buder, 117 Neb. 52, 219 N. W. 808, we held: "An action or proceeding at law will not be converted into one in equity, merely because the answer sets up an equitable defense to the claim."

It seems to me that the converse of the rule would also be true.

In the body of the opinion we said: "'Whether a case is one in equity or at law, does not depend upon the understanding of counsel, or of the trial court, nor upon the form of judgment rendered, but upon the nature of the action as shown by the pleadings.'"

I call attention to another fact in the record. Concededly the petition to foreclose the mechanic's lien was an action in equity. Plaintiff pleaded that there was due and owing him from the defendants the sum of

$745 for which amount he prayed judgment and prayed for a lien on the premises.

Defendants Hynes answered and alleged that they had contracted with the plaintiff for plumbing and heating; that when Hynes sold the property to defendant Bradish on November 15, 1953, Bradish agreed to pay the amount owing by Hynes to the plaintiff in the sum of $700 and that plaintiff agreed to that arrangement; that thereafter plaintiff performed no work on the premises for the defendants Hynes; and that therefore the lien filed in August 1954 was barred and the charge as against defendants Hynes had "been fully paid."

Defendants Hynes then offered a plea of payment of the amount once owing by them on the contract. It is that issue that the court holds should have been submitted to a jury—and without request.

I now call attention to the case of Schreiner v. Witte, 143 Neb. 109, 8 N. W. 2d 831. In this case plaintiff brought an action in equity to foreclose a chattel mortgage and for a deficiency judgment, in case one existed, after sale of the mortgaged property. The defendant answered and alleged by cross-petition a partnership; that plaintiff abandoned it to defendant's damage in the sum of $2,500; that plaintiff had failed to pay his half of personal taxes to defendant's damage; and that the plaintiff owed defendant for merchandise purchased. Plaintiff by reply admitted the partnership and alleged its termination; denied liability as to the taxes; and admitted owing the defendant for merchandise purchased.

It will be noted that all three of these defenses had nothing to do with the question of liability on the chattel mortgage or liability for a deficiency judgment. They were foreign to the equity issue. They presented the right of defendant to recover a money judgment, just as the instant case presents the right of defendants Hynes to avoid a money judgment, Hynes no longer having any interest in the real estate.

The court found for the plaintiff and decreed fore-

closure of the chattel mortgage; it found in favor of the defendant on his third cause of action and awarded judgment against plaintiff for the merchandise purchased; and it denied a recovery on the balance of the items set out in the cross-petition. The mortgaged chattels were sold and the sale confirmed. Plaintiff moved for a deficiency judgment. *Defendant objected to the jurisdiction of the court.* (As pointed out later this is exactly the objection which the defendants Hynes made here, and made no reference to a jury trial until on motion for a new trial.) One of the grounds advanced was that the defendant was entitled as a matter of law to a jury trial on the legal claims which plaintiff had against him. The trial court denied the motion for a deficiency judgment, and found that defendant was entitled to a jury trial on the issue of the amount of a deficiency judgment. Plaintiff was given leave to file an action at law to recover "for any deficiency."

We stated: "The defendant in the instant case submitted himself to a court of equity, set up his defense by way of cross-petition, and affirmatively alleged damages, that plaintiff was indebted to defendant for merchandise purchased and personal taxes paid by defendant.

" 'It is a well-settled principle of equity jurisprudence that where a court of equity has obtained jurisdiction of a cause for any purpose it will retain it for all, and will proceed to a final determination of the case, adjudicate all matters in issue, and thus avoid unnecessary litigation.' * * * The plaintiff in the instant case followed the correct procedure. The defendant is not now entitled to a jury trial. He voluntarily brought a law issue into the case. He had a right, if he was so minded, to file his amended cross-petition for damages in this equity suit. It was an independent cause of action, existing in defendant's favor, and would not be lost to him, or barred, if he had left it out of this suit. * * * The effect of the trial court's judgment is that plaintiff must again litigate the issues between himself and the defendant,

so that defendant may submit the questions presented to a jury." Schreiner v. Witte, *supra.*

The last quote above is the exact effect of the court's decision in this case. There, however, we reversed the trial court and directed that a deficiency judgment be entered.

The above is another of the decisions of this court that is cut down by the instant decision, and without benefit of being mentioned. The above decision was cited with approval in Brchan v. The Crete Mills, *supra,* discussed herein.

At this point I desire the call attention to Armbruster v. Stanton-Pilger Drainage Dist., 165 Neb. 459, 86 N. W. 2d 56. In this case plaintiffs sought a mandatory injunction and a judgment for damages. Issues were joined and trial was had. The court found against the plaintiffs and dismissed the action. Plaintiffs appealed. Defendant contended that plaintiffs had no right of action in equity and that the cause for damages, if any, should be tried to a jury. We held that plaintiffs had proven a prima facie cause of action for a mandatory injunction and a prima facie case to sustain a recovery of damages.

We held: "The remaining question to be considered is that of whether or not the plaintiffs had the right to join in one and the same action their cause of action for equitable relief and the one for damages. This question like the other two must be answered favorably to the plaintiffs." We quoted from Brchan v. The Crete Mills, *supra,* and Schreiner v. Witte, *supra.* We remanded the cause for a new trial. If the decision in the present case is correct, we erred in that decision for failing to tell the trial court that if in the event on a new trial it was found that plaintiff was not entitled to an injunction, it should then submit the damage issue to a jury or require defendant to waive a jury. We did not do so. To have done so would have been to violate the principle there stated that: "Where a court of equity

has obtained jurisdiction of a cause for any purpose, it will retain it for all, and will proceed to a final determination of the case, adjudicate all matters at issue, and thus avoid unnecessary litigation."

The above was an established, long-honored rule in this state. To it there must now be attached a "provided the plaintiff proves his equitable cause of action" clause.

The court rests its decision on Reynolds v. Warner, *supra*, "and the authorities cited in support of it." As stated above, that case involved an attempt to establish an attorney's lien.

The statute provides: "An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; and upon money in his hands belonging to his client, and in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party." § 7-108, R. R. S. 1943.

What is the nature of the right recognized by the statute?

In Sayre v. Thompson, 18 Neb. 33, 24 N. W. 383, we held that the statute was but a re-enactment of the common law. In Cones v. Brooks, 60 Neb. 698, 84 N. W. 85, we held that the statute was declaratory of the common law. This was followed in Zentmire v. Brailey, 89 Neb. 158, 130 N. W. 1047.

So we must start then with the fact that an attorney's lien is a common law right.

What is the remedy to enforce that common law right? Here I point out that the attorney's lien law provides no remedy. In that respect it differs from the remedy provided for the enforcement of a mechanic's lien where a petition in equity is directly authorized.

It is pointed out in Cones v. Brooks, *supra*, that the statute gives the attorney two classes of liens. One is a retaining lien which is given on money or papers which have come into his possession belonging to his

client. The second lien is the charging lien upon money in the hands of an adverse party, 'the giving of notice to the adverse party being essential to perfect the lien.

As to the retaining lien we held that it amounts to a mere right to hold possession of the papers as against the client until the attorney is fully paid. That being the only remedy, it necessarily follows that the litigation has had to do largely with the charging lien. As to that we have held a number of remedies could be available.

In Zentmire v. Brailey, *supra,* we affirmed the denial of an injunction to prevent the sale of property to enforce an attorney's lien. In Gordon v. Hennings, 89 Neb. 252, 131 N. W. 228, we referred to the "equitable right" of an attorney to satisfy his lien.

In Petersen v. Petersen, 76 Neb. 282, 107 N. W. 391, 124 Am. S. R. 812, an attorney attempted to intervene in a divorce case where a reconciliation had been had. He sought compensation for his services in the suit. It was denied. The attorney became plaintiff in error. We held: "The proceeding by the plaintiff in error differs in no essential particular from a suit at law prosecuted by him against the husband to recover as upon a quantum meruit for services rendered to the wife in the divorce suit."

In Corson v. Lewis, 77 Neb. 446, 109 N. W. 735, it was held that the value of the services under a contract of employment was recoverable under a quantum meruit.

In Card v. George, 140 Neb. 426, 299 N. W. 487, and in Marshall v. Casteel, 143 Neb. 68, 8 N. W. 2d 690, and again in Nicholson v. Albers, 144 Neb. 253, 13 N. W. 2d 145, we held that an attorney has no lien for services performed by him except as provided by section 7-108, R. R. S. 1943.

The court begins its quote from Reynolds v. Warner, *supra,* with: "When the trial court determined that the interveners were not entitled to equitable relief, the

court was without power to determine the legal action without the intervention of a jury."

I submit that the language relates the "when" to the time of the determination in the sense of "at that time" and not to the fact of the determination. That is the common meaning of the word. "When" did the court determine that interveners were not entitled to equitable relief?

The actual issues in the Reynolds case were between interveners and the defendant owners of the cause of action which was in foreclosure. The interveners were employed to foreclose a mortgage in *Cheyenne County*. They filed a lien for services in that case and *in other cases in Dodge County*. Interveners then filed a petition in intervention to enforce an attorney's lien. The opinion recites: "The fees in the Cheyenne county foreclosure case were paid. A small amount was due for costs and expenses at the time this petition of intervention was filed but was paid prior to the taking of any depositions in the case." It is a fair construction that interveners had been paid their fees for Cheyenne County services before the petition in intervention was filed for only a small amount was due for "costs and expenses" when the petition in intervention was filed. It follows that at the time (when) the petition in intervention was filed, interveners were not entitled to a charging lien. (Here I point out that section 7-108, R. R. S. 1943, provides a general lien for a "balance of compensation." It makes no reference to "costs and expenses.") The owners of the mortgage interest claimed damages for wrongful abandonment of the case by the interveners. They did not pray for a money judgment but rather a credit as a recoupment for damages arising from a breach of contract.

The trial court held that the attorneys could not enforce a charging lien in Cheyenne County for services in Dodge County. We affirmed. This is in accord with our decisions.

The alleged debtors "at the beginning of the trial" demanded a jury trial on the issue of the fees due for Dodge County litigation. "This preserved their right to a jury trial upon an *issue in a law action.* * * * the court * * * refused to try these issues without a jury" and dismissed the interveners' petition without prejudice to an action at law.

It follows that at the time "when" the court got to the point of trial there was no issue *to be tried except the issue of a law cause of action.*

I refer now to the four cases disapproved in the opinion in the instant case.

At the time "when" the court denied Gifford a jury trial in Parsons Construction Co. v. Gifford, *supra,* it had already tried the equity issue and was ready to try the damage (law) issue. The court had exercised its equity jurisdiction in the equity action and proceeded to determine the remaining issue in the exercise of its equitable powers in full accord with the rule stated in the Spelts Lumber Company case which was taken from the Gibson case, which is that an equity court having obtained jurisdiction would retain it for the purposes of administering complete relief.

In Robinson v. Dawson County Irr. Co., *supra,* it does not appear when the claimed right to an injunction was waived. I assume it was when the trial began. In any event the court tried the law issue to a jury. As pointed out, we held that the damage issue was incidental to the equitable issue and the jury's verdict was "advisory only."

In Gibson v. Koutsky-Brennan-Vana Co., *supra,* the court found that the equitable cause to discharge of record an alleged mechanic's lien should be sustained. So that at the time "when" the court determined the law cause it had exercised by trial its equity jurisdiction and then determined the law action for the balance due in equity. We affirmed.

In Patterson v. Spelts Lumber Co., *supra,* the court

had first exercised its equity jurisdiction to determine the validity and extent of the mechanic's lien and then determined the amount of the judgment in excess of the lien. In view of the fact that the power of an equity court to do that is conceded in the present opinion, I shall not discuss the case further.

I submit that the case of Reynolds v. Warner, *supra*, is quite distinguishable and is not an authority to be followed in the instant case.

Now let's go to the "authorities cited" in Reynolds v. Warner, *supra*, "in support of" that part of the opinion upon which the court relies.

The first one is Seng v. Payne, 87 Neb. 812, 128 N. W. 625. It was an action for injunction and states the established rule cited earlier herein that: "A court of equity, having obtained jurisdiction of a cause, should retain it for all purposes, and render such a decree as will protect the rights of the parties before it with respect to the subject matter of the suit, and thus avoid unnecessary litigation." In the instant case the court clearly modifies this rule, as I have pointed out.

The second case cited in Reynolds v. Warner, *supra*, is Bank of Stockham v. Alter, 61 Neb. 359, 85 N. W. 300. It was obviously cited for the rule that: "Where a court, in the exercise of its equity powers, acquires jurisdiction for any purpose, its jurisdiction will be retained for all purposes and to try all issues raised in the action." It, however, decided another question and reached precisely the same conclusion that the court reached in Robinson v. Dawson County Irr. Co., *supra*. In defining the issues the court stated: "The whole controversy thus seems to be reduced to two propositions, the amount due on the note, and the respective rights of the contestants in relation to the proceeds derived from the sale of the mortgaged property, to which in equity each had claims, and, as we view the record, such as are more cognizable and to be adjudicated in equity rather than in an action at law. * * * Construing

the pleadings together, the conclusion is irresistable that the amount due on the note, set out by the plaintiffs in their first petition filed, has been at all times the principal issue in the case." The "amount due on the note" standing alone would be a law issue. The balance of the issues was held to be more "cognizable and to be adjudicated in equity." We considered it as an action in equity under the rule that: "If the action is one cognizable in equity, the suggestion only is required that the court, having acquired jurisdiction for any purpose in the exercise of its equity powers, will retain such jurisdiction for all purposes of the case and to try all issues raised therein."

The trial court, however, had submitted one of the issues to a jury. On appeal the defendant contended there was error in an instruction. We held: "* * * the finding of the jury, being only advisory, was not conclusive and binding on the trial court." In this respect the holding is quite comparable to Robinson v. Dawson County Irr. Co., *supra,* now disapproved.

The above two decisions were cited to sustain the equity rule which I contend should be followed here.

As to the second part of the text taken from Reynolds v. Warner, *supra,* the court found no Nebraska decisions to sustain its position. It cited 1 Pomeroy, Equity Jurisprudence (4th Ed.), §§ 237, 238; and Stockhausen v. Oehler, 186 Wis. 277, 201 N. W. 823. The text cited from Pomeroy deals primarily with the remedy of injunction and with an equity rule in such cases concerning the allowance of compensatory damages when not given in addition or as an incident of some other special relief. The balance of the text deals with exceptions to the rule. The rule is stated separately and distinctly from the rules that follow in those states such as ours where: "The distinctions between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished; and in their place there shall be hereafter but one form of action,

which shall be called a 'civil action.' " § 25-101, R. R. S. 1943.

Pomeroy deals with those situations separate and apart from the equity rule as such which he states and which is cited in Reynolds v. Warner, *supra*. Pomeroy is quoted at length in Varnes v. Schwartz, 50 N. D. 511, 197 N. W. 129, to which I shall refer presently. The quote is lengthy and will not be repeated here.

The case of Stockhausen v. Oehler, *supra*, was an action for rescission. The court quoted from McLennan v. Church, 163 Wis. 411, 158 N. W. 73, and held that: "A jury trial cannot be defeated by the mere allegation of an equitable cause of action, when as a matter of fact the equitable cause of action did not exist at the time of the commencement of the action, to the full knowledge of the plaintiff."

Assuming that holding fitted Reynolds v. Warner, *supra*, just how much validity does the rule have in this state?

McLennan v. Church, *supra*, was an action of specific performance. Specific performance was denied by the trial court and plaintiff appealed. The court held: "It is not the law, as seems to have been thought, and as counsel for respondents suggest, that in all cases where specific performance is sought and is not obtainable because of facts known to the plaintiff when he commenced his action therefor, that the court cannot or should not grant other relief by way of compensation, even though it be such as would be a proper subject of an action at law for damages. * * * There is but one court and one form of action; therefore, up to the point where the constitutional right of trial by jury would be unduly prejudiced by going further, there is no want of power to grant legal relief in an action commenced to secure equitable relief only, and the practice to grant such relief, in the interest of a speedy and economical settlement of controversy has been so progressive that it can no longer be properly said that where the facts

of a case warrant only legal relief and were known to the plaintiff when he commenced his action for equitable relief, the court will not, should not, or cannot afford the former. * * * In most, or in all, cases where legal relief is granted in an action for equitable relief, legal issues are involved appropriate to an action of a legal nature; so that was never, necessarily, regarded as going to the jurisdiction of the court to grant the latter. It was not so regarded before the constitution was adopted guaranteeing the right of trial by jury and such guaranty did not change the situation. (Citing cases.) The holdings to the effect that where the facts entitling the plaintiff to only legal relief were known to him when he commenced his action for equitable relief, the court will not grant the former, followed *an ancient judicial rule* which it was perfectly competent for the court to modify so as not to exclude cases commenced in good faith, and with reasonable ground therefor, to obtain one form of relief when another form only is obtainable, and it has been so extended as we have indicated." (Emphasis supplied.)

The court in Stockhausen v. Oehler, *supra,* did not overrule or modify this decision. Rather it cited it as authority.

I cite these cases because the court, in its opinion in the instant case, advances no contention of bad faith but rather contends only that plaintiff failed to establish his alleged lien.

I now go to Varnes v. Schwartz, *supra.* I shall interpolate references to the instant case and our laws to show the similarity between the two cases.

This was an action against the defendants to recover the amount due for threshing grain, and to foreclose an alleged thresher's lien on the grain threshed. Defendants by answer alleged that the lien was void and that the court was without jurisdiction. Here the defendants Hynes made no objection in their answer to the court's jurisdiction. Defendants alleged payment in full as did

defendants Hynes here. Defendants Schwartz interposed a counterclaim for money on a cause of action having nothing to do with the threshing or the alleged lien. The cause went to trial. Plaintiff offered his alleged lien in evidence. Defendants objected. They admitted the cause of action of the plaintiff, except the alleged lien. They challenged the validity of the lien; and they asserted the equitable jurisdiction of the court failed and "there being no primary jurisdiction there can be no adjudication of anything in this lawsuit." They demanded a jury trial "as to any issue of law." No such demand was made in the instant case. The defendants stood on their objection and offered no evidence as to issues raised by their answer. The court then held that plaintiff had no lien and awarded judgment for the plaintiff as the trial court did in the instant case.

On appeal the defendants asserted that the court was without jurisdiction. The court held that the trial court had jurisdiction as the court now holds in the instant case. On appeal the court held that the trial court did not err in not dismissing the action. That is the effect of the holding of the court in the instant case.

The reason the North Dakota case had for holding that the action should not be dismissed becomes important. It pointed out that in North Dakota the distinction between actions at law and suits in equity had been abolished. I have quoted above our section 25-101, R. R. S. 1943, containing a like provision. The court pointed out that the provision had been established "before statehood." Here our statute was enacted in 1867 (Code § 2, R. S., p. 394; Laws 1867, § 1, p. 71). Earlier I have pointed out its territorial legislative history. I point out that In re Guardianship of Warner, *supra,* we held that the constitutional provision that "The right of trial by jury shall remain inviolate" (Art. I, § 6, Constitution of Nebraska), "merely operates to

preserve, the right of jury trial as it existed prior to the adoption of our Constitution of 1875."

Obviously then the right of trial by jury provision must be read in the light of the fact that section 25-101, R. R. S. 1943, had been effective several years before the constitutional provision was adopted. The North Dakota court then quoted at length from Pomeroy. It held that while the reformed procedure did not abolish the essential distinction between legal and equitable rights or remedies, "it did combine the two jurisdictions and abrogate the distinction formerly existing between the two modes of procedure and establish 'that a single judicial action, based upon and conforming to the facts and circumstances of each particular case, whatever be the nature of the primary right which they create, must be used for the pursuit of all remedies, legal or equitable.'" It then held: "* * * that the trial court was correct in refusing to dismiss the action, and that it had jurisdiction to determine the amount due to the plaintiff and render judgment therefor, even though the lien proved invalid."

Up to that point there is a manifest parallel in the cases being reviewed and the instant case except that the conclusion of this court, based on Reynolds v. Warner, *supra,* is directly to the contrary.

The parallel continues.

The North Dakota court then considered defendants' assertion that they were entitled to a jury trial on the issue of payment and the counterclaim.

Appellant's assignment of error here is that "Equity" did not have jurisdiction of the subject matter and hence they were denied the right of trial by jury. The court holds that under our reformed procedure the trial court had jurisdiction of the subject matter but erred in not submitting the issues to a jury, the lien having failed by virtue of the affirmative defense of the statute of limitations.

The parallel continues in part.

Defendants' counsel in the North Dakota case at the time of trial objected as follows: " 'As to any issue of law in this lawsuit we demand the right of a jury, that is in so far as the Court treating this under a law action. In other words, we insist this is an equitable action and when that fails the case must be dismissed.' " In the instant case, as quoted by the court, defendants Hynes objected "to the entry of any judgment against him." They did not demand a jury trial. They did not mention a jury trial as was done in the North Dakota case.

Obviously here defendants Hynes were directing their objection to the jurisdiction of the court. The objection made *at the close of the evidence* in the instant case, went to the jurisdiction of the court to enter "any judgment." Appellant's assignment of error here so construed the objection.

The parallel continues.

In the instant case as pointed out by the court, at the close of the plaintiff's evidence defendants Hynes moved for a dismissal directed at the failure of the proof to establish a lien. The trial court denied the motion. The court holds that motion was an "indication" that the court would hold that the right to equitable relief had been established and "would eliminate any question of a trial by jury." That is what happened in the North Dakota case. *The motion to dismiss was made after* plaintiff's cause of action, excepting the validity of the lien, had been admitted. Defendants did not demand a jury. Here defendants Hynes did not demand a jury. The parallel ends. In the North Dakota case on appeal the trial court's judgment was affirmed. Here it is reversed.

In part the North Dakota decision goes to the question of waiver of a jury which I shall discuss later.

I have set it out in detail here because it goes to the foundation of the rule in Reynolds v. Warner, *supra,* which rests upon an "ancient judicial rule," as the Wisconsin court held, which is not applicable in this state

because of our reformed procedure provisions above set out.

I now quote the following from 1 Pomeroy's Equity Jurisprudence (5th Ed.), § 242, p. 457: "Wherever the true spirit of the reformed procedure has been accepted and followed, the courts not only permit legal and equitable causes of action to be joined, and legal and equitable remedies to be prayed for and obtained, but will grant purely legal reliefs of possession, *compensatory damages, pecuniary recoveries,* and the like, *in addition to or in place of the specific equitable reliefs demanded* in a great variety of cases which would not have come within the scope of the general principle as it was regarded and acted upon by the original equity jurisdiction, and in which, therefore, a court of equity would have refrained from exercising such a jurisdiction." (Emphasis supplied.) The author cites Nebraska cases to sustain the text along with citations from 19 other jurisdictions, including McLennan v. Church, *supra.* He cites no courts to the contrary. He does, however, make this quite revealing comment, applicable here: "The decisions, however, are not entirely unanimous. In some cases the court has not only refused to accept and act upon the spirit of the reformed procedure, but has even, as it would seem, failed to recognize the principle which belonged to the original jurisdiction of equity, the principle that, having obtained a jurisdiction for any purpose, the court might and should give full relief and do complete justice." Nebraska now takes its place along with a few unnamed courts in the above category.

It is not my purpose to argue here that we should infringe upon the constitutional right of a party to trial by jury. Rather it is my view that we should recognize and accept its limitations and the rules under which the right exists as established by our decisions now overruled directly and indirectly by the court's opinion.

If any case is to be disapproved, I suggest it is Reynolds v. Warner, *supra.* In any event it is a rather

dull sickle to use to cut down our decisions heretofore discussed.

In Neighbors & Danielson v. West Nebraska Methodist Hospital, 162 Neb. 816, 77 N. W. 2d 667, plaintiffs brought action to enforce an attorney's "charging lien" which was created "by agreement." The court held that an action to establish and enforce it was within the equity jurisdiction of the court. The "amount of attorney's fees" owing the plaintiffs by the defendant was an issue, and the only issue discussed. Defendant demanded a jury trial. The court held that ordinarily the value of an attorney's services is a question for the jury. The court then held: "However, when a cause of action for equitable relief *is pleaded* a jury cannot be demanded as a matter of right for the trial of any issue in the case. *This is true even though the defendant sets up a legal defense,* for when a court of equity acquires jurisdiction over a cause for any purpose it may retain the cause for all purposes and proceed to a final determination of all matters put at issue in the case." (Emphasis supplied.) [This reasoning is now no longer valid.]

The court then affirmed the trial court's decree, although a jury had been demanded by the defendant and denied by the trial court. There, as in the instant case, the plaintiff had alleged a cause for equitable relief. There the defendant set up a legal defense which "ordinarily" presented a jury question. In the instant case the defendant had set up a plea of novation and payment in full. There it was held that the court in equity could retain the cause for all purposes and proceed to a final determination of *all matters put at issue in the case,* even though a jury trial was demanded.

In the instant case the court holds that the issue of novation and payment in full may not be determined by the court sitting in equity after the equity cause fails of proof, but must be tried as a law issue separate and apart from the equity issue presented by the plaintiff.

I am compelled to the conclusion that the above decision is another of those which is cut down by the present decision of the court, and that without benefit of citation or mention by the court.

It is interesting to note that in Neighbors & Danielson v. West Nebraska Methodist Hospital, *supra,* the defendant asked this court to follow Yager v. Exchange Nat. Bank of Hastings, *supra;* Lett v. Hammond, *supra;* Kuhl v. Pierce County, *supra;* and Reynolds v. Warner, *supra.* The court in its opinion in the case did not even mention the cases on this issue. Reynolds v. Warner, *supra,* was cited on the question of the restrictions of a charging lien.

Now I assume for the purpose of discussion that there was error in the court not offering a jury trial on its own motion. On that basis I desire to again call attention to Neighbors & Danielson v. West Nebraska Methodist Hospital, *supra.* At the close of that opinion the court assumed for the purpose of discussion that there was error in denying a jury trial. It then held that it was necessary for the appellant to show that it was denied a jury trial *and* that it was *prejudiced* by the denial. Here the appellant does not show that he demanded a jury trial, and the court's opinion makes no reference to prejudice being shown.

I am at a loss to understand why this decision is not also applicable here, but again it is among those not mentioned.

I now go to the question of waiver, assuming but not conceding that the court is correct in holding that defendants were entitled to a jury trial. I point out that the court holds that the trial court was not divested of jurisdiction of the subject matter.

The bill of exceptions shows that the action was tried "to the court" with defendants Hynes appearing by counsel. No objection was made to the trial to the court. Defendants Hynes' counsel participated in the cross-examination of plaintiff's witness. He objected

to the introduction of evidence. At the close of plaintiff's evidence he moved for a dismissal on the ground that plaintiff had failed to establish his lien. He elected to stand "on that record that Gillespie has made." The court overruled that motion and a similar motion that was made for defendants Bradish. No objection was made to the trial continuing "to the court." Defendants Bradish then offered evidence. Defendants Hynes' counsel participated in the cross-examination of defendants Bradish's witnesses. Defendants Bradish rested. Plaintiff then called a rebuttal witness. Defendants Hynes' counsel participated in the cross-examination of the rebuttal witness.

All three parties rested.

Defendants Hynes then objected to the entry "of any judgment against" them. The trial court then entered judgment against defendants Hynes. These defendants *thereafter* raised the question by motion to set aside the judgment that they "were entitled to have the question" of a money judgment "submitted to a jury, since no jury was waived."

The defendants are then confronted with this rule: "Defendant will be held to have waived the right to a jury trial where he * * * allows the trial to proceed as a suit in equity without objection." 50 C. J. S., Juries, § 107, p. 817. See, also, 35 C. J., Juries, § 119, p. 207. The texts cite decisions from 10 jurisdictions and show no decisions contra. When the court's opinion is filed in this case there will be one contra decision.

In 31 Am. Jur., Jury, § 58, p. 60, this rule is stated: "It is a general rule that submission of a cause in equity by both sides without objection waives the right to a jury trial. Generally, failure to challenge the jurisdiction of equity waives a right to jury trial." The same authority in section 59, page 61, states: "Going to trial before the court without demanding a jury or objecting constitutes a waiver of a jury trial. * * * the refusal of the trial court, in the exercise of its discretion in such

respect, to permit a jury trial after it has been waived by failure to demand it or give notice of a desire for it, is not the subject of exception. * * * Defendants cannot avoid the effect of their neglect to demand a jury trial on the theory that, the suit being to enforce a lien and therefore of equitable jurisdiction, a demand for a jury would have been an idle formality and of no avail. One who consents to the trial of a cause by the court without a jury cannot insist on appeal that it was, because of that fact, tried on a wrong theory, to his injury."

I call attention to Udgaard v. Schindler, 75 N. D. 625, 31 N. W. 2d 776. It was an action to determine adverse claims to real property, for damages for waste, and for breach of covenant. The action was tried to the court resulting in a judgment against the defendants for possession and for monetary damages. Defendants moved for a new trial. It was denied. Defendants appealed. On the direct issue raised in the instant case the court held: "Next for consideration is defendants' contention that they were entitled to a jury trial. The claim is that where the action to determine adverse claims is of the nature of the common law action of ejectment rather than that of the equitable action to quiet title, it is, regardless of form, an action at law to be tried to a jury. There is much to be said for defendants' contention. It is, however, unnecessary to decide that question here, for even though defendants were entitled to a jury trial they waived that right. The record shows that the trial judge set the case for trial without a jury and that the defendants went to trial without objection or demand for a jury trial. *They raised the question for the first time, upon a motion for a new trial.* [That is what happened in the instant case.] Certainly the defendants could not voluntarily submit the issues of a case to a court without a jury and hold in reserve their claim of a right to a jury trial in the event the decision should go against them." (Emphasis supplied.)

The court cited 50 C. J. S., Juries, § 91, p. 799, which is: "A jury trial is waived by voluntarily submitting a controversy to the determination of the court, or by permitting the court without any objection or demand for a jury trial to proceed to hear and determine it." In 35 C. J., Juries, § 114, p. 204, under the second clause of this rule, our decision in Schumacher v. Crane-Churchill Co., 66 Neb. 440, 92 N. W. 609, is cited. The syllabus points in our case read: "An order transferring an action in ejectment to the equity docket, because of equitable defenses raised in an answer, will not preclude the moving party from demanding that the purely legal issues be tried by jury, if his request for a jury trial is timely and is insisted upon. * * * In such case, going to trial upon all the issues, without demanding a jury as to any of them, is a waiver of a jury as to that trial." In the body of the opinion we held: "There can be no doubt, however, that the plaintiff waived a jury at the first trial by going to trial upon all the issues without demanding a jury as to any of them. The statutory method of waiving a jury is not exclusive. Any unequivocal acts or conduct which clearly show a willingness or intention to forego the right, and are so treated by the trial court without objection, will have that effect."

I submit that under that decision and on this record the defendants Hynes waived any possible right to a jury in this case.

In Sherwin v. Gaghagen, 39 Neb. 238, 57 N. W. 1005, we held: "As a general rule *a court of equity will not interpose an objection* to its own jurisdiction on the ground that the plaintiff has an adequate remedy at law, but will retain the cause for trial and award the relief to which the parties would have been entitled in a court of law. * * * Objection to the jurisdiction of a court of equity on the ground that the plaintiff has an adequate remedy at law must be made before judgment on the merits of the cause, and will not be entertained when made for the first time in this court on the appeal

of the objecting party." This case is cited in 21 C. J., Equity, § 149, p. 169, along with cases from some 30 other jurisdictions.

I again call attention to Larabee v. Given, *supra*, where the plaintiff sought equitable relief and damages. We held: "\* \* \* the right to a trial of the issue of damages by a jury being preserved to the defendant, *if he demands it.*" (Emphasis supplied.)

In Penn Mutual Life Ins. Co. v. Katz, 139 Neb. 501, 297 N. W. 899, we held: "Where the party, having the right to object, voluntarily submits to the jurisdiction of a court of equity, the cause will be retained for trial on its merits and the proper relief awarded."

I now call attention to Miller v. Knight, 146 Neb. 207, 19 N. W. 2d 153. It was an action for an injunction to restrain trespasses of defendants on land claimed by plaintiff as owner. Defendants denied plaintiff's right to possession and alleged ownership of the land in themselves. Plaintiff by cross-petition then claimed that he purchased the land but that title was taken in Knight as security for money loaned, and that defendants had been repaid and accordingly held the land in trust for plaintiff. The trial court found for defendants. Plaintiff appealed.

We retried the issue de novo as an action in equity and held that the evidence sustained the contentions of the defendants. But plaintiff contended that the evidence showed the defendants to be out of possession and hence defendants were limited to the law action of ejectment. We held as on trial de novo that the evidence showed the defendants were in possession and hence equity had jurisdiction to quiet title. We then held: "In the present case, no demand for a jury was made. Both parties sought equitable relief. The parties proceeded to trial on the theory that the suit was an equitable one. While we think the action was one in equity, the plaintiff is in no position to claim error prejudicial to his rights, even if it was not."

I deem the case to be a decision directly contra to that which the court now makes on the issue of waiver. It shows also the extent to which we have followed the "axiomatic" rule of equity and applied it to situations such as exist in the instant case, for immediately following the above quote we held: "There is no rule more axiomatic than that, where a suit in equity is properly brought and the court has jurisdiction of the subject-matter and all parties to the action, it is the duty of the court to adjudicate all questions and rights presented by the pleadings in order to do full justice to all the parties to it." Apparently no other authority was deemed necessary. Here the court holds that it has jurisdiction of the subject matter and the parties, and denies the balance of the axiomatic rule.

Miller v. Knight, *supra*, is cited in 50 C. J. S., Juries, § 99, p. 803, along with half a page of cases from other jurisdictions, for the rule that: "* * * a party who fails to make such demand will be held to have waived his right and cannot afterward object that the case was tried without a jury." The same rule is stated in 35 C. J., Juries, § 123, p. 210, supported by almost a page of citations from many jurisdictions.

In Linville v. Kowalski, 149 Neb. 402, 31 N. W. 2d 281, we held: "Where a party, having the right to object, voluntarily submits to the jurisdiction of a court of equity, the cause will be retained for trial on its merits and the proper relief awarded." This case is cited in 30 C. J. S., Equity, § 88, p. 453 (Annual Pocket Part), along with decisions from 15 other jurisdictions for the rule that: "* * * answering generally, or to the merits, or proceeding to trial on the merits, or doing both, without objection to jurisdiction waives such objection, * * *."

In Tucker v. Paxton Gallagher Co., 152 Neb. 622, 41 N. W. 2d 911, we held: "A party may not be heard to complain of error which he has invited. * * * Error may not be assigned upon a ruling or action of the

district court made or taken with the consent of the complaining party."

In Reller v. Ankeny, 160 Neb. 47, 68 N. W. 2d 686, we held: "A litigant may not effectively complain of a course of action he induced or in which he concurred."

In Gruntorad v. Hughes Bros., Inc., 161 Neb. 358, 73 N. W. 2d 700, we held: "A litigant may not predicate error on any action of the court which he procured to be taken or to which he consented."

In the recent case of Crunk v. Glover, 167 Neb. 816, 95 N. W. 2d 135, we held: "The parties may not complain effectively of the action of the court which they induced."

What happens now to the precedents of this court cited herein? Of what value are our cases now as authorities? The court now disapproves four of them directly, without pointing out the extent of the disapproval. It disapproves all other "cases of similar import" without seeking to find or cite them to trial courts or members of the legal profession. I have cited herein cases that seem to me to be of "similar import" and others such as on the question of waiver where guides heretofore given to the trial courts and the legal profession are of no further value.

In Stevens v. Luther, 105 Neb. 184, 180 N. W. 87, we were asked to review and reconsider the rule as to whether the violation of a statute or ordinance enacted for the safety or protection of persons or property constitutes negligence. We said: "If the court were now establishing a rule for the first time, it might be inclined to follow the other line of decisions, but that which has been the law of the state, and accepted as such by the people and the courts for over 30 years, ought not to be set aside without the most convincing reasons."

I point out that Parsons Construction Co. v. Gifford, *supra,* the first of the decisions directly disapproved has stood unchallenged as the law of this state for 24 years and that the earliest of the decisions cited in sup-

port of it, Buchanan v. Griggs, 20 Neb. 165, 29 N. W. 297, was decided by this court 73 years ago. The decision of Pickens v. Polk, *supra,* directly analyzed in Parsons Construction Co. v. Gifford, *supra,* was decided 65 years ago. I am compelled to ask: What are the most convincing reasons? The court does not give them. In Patterson v. Kerr, 127 Neb. 73, 254 N. W. 704, this court held: "Where this court established a rule and it has been followed for more than thirteen years by trial courts of this state, it ought not to be changed except for reasons of grave importance." It was cited with approval in Muller v. Nebraska Methodist Hospital, 160 Neb. 279, 70 N. W. 2d 86.

I point out that Robinson v. Dawson County Irr. Co., *supra,* "disapproved" in the court's opinion but in fact overruled on the question here involved, was decided 16 years ago, and has since been unchallenged.

In Muller v. Nebraska Methodist Hospital, *supra,* we stated that: "The principal question raised by this appeal is, shall we adhere to the doctrine of immunity for nonprofit charitable corporations from tort liability, a doctrine which has long been established in this state by the holdings of this court? * * * Appellant asks us to re-examine our holdings and seeks to have us reverse them on the basis that they are illogical and fundamentally unsound because they are based on concepts and conditions which no longer exist. On the other hand appellee asks us to apply the doctrine of stare decisis thereto.

" 'The doctrine of stare decisis is grounded on public policy and, as such, is entitled to great weight and must be adhered to, unless the reasons therefor have ceased to exist, are clearly erroneous, or are manifestly wrong and mischievous or unless more harm than good will result from doing so.' * * * 'So, where the court has decided a question of law in another case and a like state of facts is subsequently presented, the rule of stare decisis applies and will not be easily changed. * * *

That rule, like all others, is not without its exceptions, and, in the absence of complications resulting from property rights, it is the undoubted privilege, if not indeed the duty, of courts to re-examine their decisions whenever satisfied that they are fundamentally wrong.' * * * In considering the latter the following principle applies: 'Before overruling a former decision deliberately made, the court should be convinced, not merely that the case was wrongly decided, but that less injury will result from overruling than from following it.' "

Why should not these tests be applied and the answers demonstrated here? In the above case we re-examined at length all of the conflicting decisions and adhered to our existing rule. Here the court issues a blanket disapproval of all cases of similar import, leaving the trial courts and the profession to determine in what respect and to what extent cases are disapproved.

In Nebraska Conf. Assn. Seventh Day Adventists v. County of Hall, 166 Neb. 588, 90 N. W. 2d 50, we held: "The doctrine of stare decisis is based on public policy and is entitled to great weight. It should be adhered to unless the reasons therefor do not exist or are clearly erroneous or mischievous or unless more harm than good will result from doing so."

I suggest it be followed here. The court here strikes down not one decision nor four. It strikes down many others by blanket disapproval. No one can say, this court cannot now say, what decisions are affected. Only a series of cases in future litigation can answer that question.

As an indication of the broad sweep of the court's decision disapproving long-established and followed cases, and of the effect on other precedents, I call attention to Mauzy v. Elliott, 146 Neb. 865, 22 N. W. 2d 142. In that case we had the question of the disposition of the surplus proceeds of a mortgage foreclosure sale. The jurisdiction of the court in equity to enter an order disposing of the funds was challenged. We held that equity

had that power. We cited as authority Gibson v. Koutsky-Brennan-Vana Co., *supra*, Parsons Construction Co. v. Gifford, *supra*, and Robinson v. Dawson County Irr. Co., *supra*, those being three of the four cases directly disapproved in the court's opinion. We cited, also, Miller v. Knight, *supra*. It can readily be that in the future some trial court and this court may be called upon to draw distinctions and determine the effect of the court's present opinion on that precedent. Why create that situation when it can be avoided by simply following our long line of established precedents.

I submit that beginning with the case cited in 15 Nebraska down to and including the Spelts Lumber Company case in 166 Nebraska we have an unbroken line of authorities all pointing to or directly holding to the exact contrary of the proposed opinion.

I say that with full regard to Reynolds v. Warner, *supra*, upon which the proposed opinion relies.

The importance of the issue decided prompts me to say more. A reasonable amount of research, the results of which are here disclosed, the necessities of time, and the outside limitations of a dissent as to length, prompt me to close.